## S. J. CRANE, Appellant v. THE KANSAS CITY BASEBALL AND EXHIBITION COMPANY and GEORGE TEBEAU, Respondents.

**Kansas City Court of Appeals, February 17, 1913.**

1. **NEGLIGENCE: Contributory Negligence: Base Ball Parks.** The plaintiff sued to recover for personal injuries received while attending a baseball game in the defendants' ball park. He purchased a ticket which entitled him to a seat in the grandstand, protected from foul balls and wild throws by a wire netting; but instead of going there, he voluntarily chose to take a seat which was unprotected. During the progress of the game he was struck by a foul ball and injured. The trial court as a matter of law, declared that he was not entitled to recover. *Held*, that the plaintiff's contributory negligence was apparent and indisputable.

2. ———: **Reasonable Care: Safety of Spectators.** The defendants were not insurers of the safety of spectators but, being engaged in the business of providing a public entertainment for profit, they are bound to exercise reasonable care, i. e., care commensurate to the circumstances of the situation to protect their patrons against injury.

3. ———: **Full Knowledge of Dangers.** Where one attending a baseball game is offered a choice of two positions, one of which is less safe than the other, he cannot be said to be in the exercise of reasonable care if, with full knowledge of the risks and dangers, he chose the more dangerous place.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas*, Judge.

AFFIRMED.

*L. A. Laughlin* for appellant.

*Hadley, Cooper, Neel & Wilson* for respondents.

JOHNSON, J.—This is an action for personal injuries alleged to have been caused by negligence of defendants. The answer in addition to a general denial pleads contributory negligence and assumed risk.

The cause was submitted to the trial court on an agreed statement of facts in which it is stipulated that if the facts disclose a good cause of action, plaintiff shall have judgment for one hundred dollars and costs. The defendants separately requested the court to declare as a matter of law that plaintiff is not entitled to recover. These requests were granted and judgment was rendered for defendants. Plaintiff appealed.

The ruling of the court in giving these declarations of law to which exceptions were duly made and preserved by plaintiff, requires us to look at the facts from the viewpoint most favorable to plaintiff; and if we should find they will support a reasonable inference that his injury was caused by the negligence pleaded in the petition, unaided by negligence of plaintiff, the conclusion would follow that the court erred in holding as a matter of law that plaintiff had no cause of action.

The facts of the case are as follows: The defendants are the owners of a baseball park in Kansas City and are engaged in the business of giving public exhibitions of professional baseball. The defendant corporation is a member of a league or association of baseball clubs known as the "American Association." This association is composed of eight professional clubs and games are played according to schedule in the various cities to which the respective clubs are accredited. The home of the club owned and conducted by defendants is in Kansas City and the games assigned to Kansas City are played in defendants' park under their management and control. The association and its constituent clubs are purely business enterprises conducted for profit. When a game is played in Kansas City spectators are compelled to pay admission fees; the fee to the grand stand being fifty cents and to the "bleachers" twenty-five cents. The grand stand seats have the advantage over those in the "bleachers" of being closer to the scene of ac-

tion and of having a roof over them. The seating structures are on the west end and north side of the park. The home plate is at the west end of the diamond and the center of the grand stand is back of the catcher. The north side of the grand stand extends eastward some distance beyond a point opposite third base and is followed by the "bleachers" which extend on to the east end of the park. The "foul lines" run respectively from the home plate to and beyond first and third bases. The object of the batter is to "make a hit," and to do so he must strike a pitched ball and send it to some point inside the "foul lines." The object of the pitcher is to prevent the batter from making a safe hit and such object is aided by a foul hit which cannot help and may count against the batter. Foul hits, therefore, are common incidents of every game, and balls thus hit go into the foul territory in every direction and, of course, may go into the grand stand and bleachers. To guard nearby spectators against injury from such balls the grand stand seats are protected by intervening wire netting of very loose mesh. This netting on the north side extended east to a point opposite third base, thence on east, the grand stand and "bleacher" seats were unprotected.

Plaintiff attended a game as a spectator and paid for admission to the grand stand. Reserved seats are not sold and he had the option of seating himself at some place behind the netting or in an unprotected seat. He chose one of the latter and during the progress of the game was struck by a foul ball and injured. His claim is that defendants were negligent in not screening in the whole of the grand stand and that such negligence was the proximate cause of his injury.

In the agreed statement of facts it is said: "Baseball is our national game, and the rules governing it and the manner in which it is played and the risk

and dangers incident thereto are matters of common knowledge." Plaintiff's concurrence in this statement would seem to justify the conclusion that he was no novice at the game but was familiar with the risks and dangers incident to the situation of the spectator occupying a seat in the grand stand. Defendants were not insurers of the safety of spectators but, being engaged in the business of providing a public entertainment for profit, they were bound to exercise reasonable care, i. e., care commensurate to the circumstances of the situation to protect their patrons against injury. [King v. Ringling, 145 Mo. App. 285; Murrell v. Smith, 152 Mo. App. 95.] In view of the facts that the general public is invited to attend these games, that hard balls are thrown and batted with great force and swiftness, and that such balls often go in the direction of the spectators, we think the duty of defendants towards their patrons included that of providing seats protected by screening from wildly thrown or foul balls for the use of patrons who desired such protection.

Defendants fully performed that duty when they provided screened seats in the grand stand and gave plaintiff the opportunity of occupying one of those seats. ⟨It is unnecessary to consider the question of whether defendants were bound to have a protected seat available for the use of plaintiff.⟩ We are not dealing with a case where the patron was compelled to occupy an unprotected place or not see the game, but with a case where he was offered a choice between a protected and an unprotected seat and, with full knowledge of the risks and dangers of the situation, voluntarily chose the latter. It is said by the Supreme Court of Michigan in Blakely v. White Star Line, 118 N. W. Rep. 482: ·

"It is knowledge common to all that in these games hard balls are thrown and batted with great swiftness; that they are liable to be muffed or batted

or thrown outside the lines of the diamond and visitors standing in position that may be reached by such balls have voluntarily placed themselves there with knowledge of the situation and may be held to assume the risk.''

So in the present case plaintiff, doubtless for the purpose of avoiding the annoyance of the slight obstruction to vision offered by the netting, voluntarily chose an unprotected seat and thereby assumed the ordinary risks of such position. And if it could not be said that he assume the risk still he should not be allowed to recover since his own contributory negligence is apparent and indisputable. One invited to a place who is offered a choice of two positions one of which is less safe than the other cannot be said to be in the exercise of reasonable care if, with full knowledge of the risks and dangers, he chooses the more dangerous place. That is a fundamental rule of the law of negligence. The court committed no error in holding as a matter of law that plaintiff has no case.

The judgment is affirmed. All concur.