Allen, J.
 

 The plaintiff in error claims that the Court of Appeals erred when it reversed the judgment entered in the trial court for the defendant; that is, it claims that the management of a baseball game is not liable to a spectator at a ball game for injuries from batted balls inflicted in the intermission between two set games, commonly called a “double header”; and that such a spectator who chooses a seat in the unscreened portion of the grand stand is guilty of contributory negligence as matter of law in case any injury is incurred from balls so batted.
 

 Its claim is that the facts as given establish no breach of duty upon the part of the defendant and do establish contributory negligence upon the part of plaintiff below, as a matter of law, in the fact that she sat in an unprotected part of the grand stand at the time when the injury was sustained.
 

 The plaintiff in error cites certain cases in support of its contention, which embody all of the authority in this country upon the precise question. They are as follows:
 

 Crane
 
 v.
 
 Kansas City Baseball & Exhibition Co.,
 
 168 Mo. App., 301, 153 S. W., 1076. In this case
 
 *179
 
 the plaintiff had purchased a ticket which entitled him to a seat in the grand stand, protected from foul balls and wild throws by a wire netting; but, instead of going there, he voluntarily chose to take a seat which was unprotected. During the progress of the game he was struck by a foul ball and injured. The plaintiff sued for damages, alleging that the management was negligent in not screening in the whole of the grand stand, and that such negligence was the proximate cause of his injury. The trial court declared that as a matter of law plaintiff was- not entitled to recover. The court of last resort held that the plaintiff’s contributory negligence was -apparent and indisputable, and also held that where one attending a baseball game is offered a -choice of two positions, one of which is less safe than the other, he cannot be said to be in the exercise of reasonable care, if, with full knowledge of the risks and dangers, he chooses the more dangerous place.
 

 In
 
 Wells
 
 v.
 
 Minneapolis Baseball & Athletic Ass’n.,
 
 122 Minn., 327, 142 N. W., 706, 46 L. R. A., (N. S.), 606, Ann. Cas., 1914D, 922, the plaintiff was struck by a fly ball hit by one of the players. She alleged that the defendant had negligently constructed a screen between the players and spectators of insufficient size to furnish protection. The evidence tended to show that the plaintiff at the time was sitting in an exposed position, outside of the screen. The court held in the syllabus:
 

 “One who maintains grounds to which the public is invited to witness games of baseball is not an insurer against the dangers incident to witnessing the game, but is required to use- the care and pre
 
 *180
 
 caution of the ordinary prudent person to protect the spectators against such dangers. He is not required to anticipate the improbable,
 

 “Persons who know and appreciate the danger from thrown or batted balls assume the risk, and they cannot claim the management guilty of negligence when a choice is given between a seat in the open and one behind a screen of reasonable extent.”
 

 In
 
 Kavafian
 
 v.
 
 Seattle Baseball Club Ass’n,
 
 105 Wash., 215, 177 P., 776, 181 P., 679, the plaintiff brought an action for an injury sustained from a foul ball struck during the game. The plaintiff' charged defendant with negligence in failing to maintain a screen in front of the seat which he occupied. The court in departmental hearing held that it was a question for the jury whether a spectator at a ball game struck by a foul ball was guilty of contributory negligence, or assumed the risk in taking a seat in the grand stand unprotected by screens when there were vacant seats so protected. On rehearing in banc, however, the court held that—
 

 “A spectator at a ball game, struck by a foul ball, who voluntarily took and retained a seat in the unscreened section of the grand stand when there were a great number of vacant seats protected by screens that he might have chosen, assumes the risks or is guilty of contributory negligence precluding any recovery.”
 

 The consensus of the above opinions is to the effect that it is common knowledge that in baseball games hard balls are thrown and batted with great swiftness, that they are liable to be .thrown
 
 *181
 
 or batted outside tbe lines of tbe diamond, and that spectators in positions which may be reached by such balls assume the risk thereof. This theory is fortified by the fact that such spectators can watch the ball and can thus usually avoid being struck when a ball is directed toward them.
 

 It is the general rule, also,' so far as screening the grand stand is concerned, that due care on the part of the management does not require all of the spectators to be screened in; that the management performs its duty toward the spectators when it provides screened seats in the grand stand and gives spectators the opportunity of occupying them. The record shows that in the instant ease the management had performed this duty.
 

 We concur in the soundness of the views expressed in the above cases with regard to injuries incurred by balls thrown or batted during the course of a baseball game. The plaintiff below urged that the defendant was negligent in not protecting her by screening that part of the grand stand in which she sat, and if this were the only allegation of negligence, or if it were the only allegation of negligence upon which evidence was given, we should be compelled to reverse the judgment of the Court of Appeals. This case, however, presents a situation materially different from those above cited both as to the liability of the defendants and as to the contributory negligence of the plaintiff. The petition herein, in addition to the allegation as to the defendant’s negligent failure to screen the grand stand, alleges that the injury occurred during the intermission
 
 *182
 
 and that the defendant was negligent in permitting its players to bat balls from the point from which the ball which caused the injury was batted. No such allegation appears to have been made by the plaintiff in any of the above-cited cases; the claim in each of them being only, so far as revealed in the opinions, that the management was negligent in not screening the entire grand stand, or at least that part of the stand which the plaintiff occupied.
 

 Upon the admitted facts in this case the plaintiff was an invitee expressly solicited to come upon the premises of the management for the purpose of attending the ball game there to be held.
 

 Under such circumstances, since the management had expressly invited the plaintiff to come upon its premises, it was its duty to exercise ordinary care not to invite her into danger, and to that end it was its duty to exercise ordinary care to render the premises reasonably safe during the period of plaintiff’s sojourn there as an invitee to the game. Cooley on Torts, p. 605. It was the duty of the management which had control of the games played in its park to exercise ordinary care, to the end that the acts done upon its premises with its knowledge and under its supervision by the baseball club should not lead its invited guests into unusual dangers. Being in the business of providing public entertainment for profit, it was bound to exercise care commensurate with the circumstances of the situation to protect patrons against injury.
 

 It was a question of fact for the jury whether
 
 *183
 
 the owner performed this duty by allowing players to practice so near the grand stand in an intermission when the set games were not being played.
 

 As to the contributory negligence of the plaintiff, in none of the above-cited cases do the facts disclose that the plaintiff was struck by a ball batted or thrown during the intermission. In every one of them the plaintiff had been struck by a ball, foul or otherwise, thrown or batted during the progress of the game.
 

 The record in the instant case, on the contrary, shows that the ball which caused the injury was batted from the side lines, during an intermission, in the course of the practice which intervened between the two games of the “double header.” Evidence was given tending to show that the players while batting the ball were from 15 to 25 feet from the grand stand. The specific question, therefore, is whether the spectator is guilty of contributory negligence, as a matter of law, in sitting in an unscreened grand stand when practice batting is going on in a part of the field near to himself while the game is not in progress.
 

 In such a situation the reason advanced for the principal rule does not obtain. When practicing is engaged in between games it is often done between several groups, as was the fact in the instant case. The pitcher and catcher of the Cincinnati club were practicing, and the members of the New York club were bunting, in addition to the. practicing which was going on between the two players who were using the particular ball which caused the injury.
 

 When several balls are simultaneously in play
 
 *184
 
 upon the field, it is impossible for the spectator to protect himself by watching- the ball, for more than one ball is being thrown or batted at once. During the course of the game itself the .spectator can watch the ball. During the course of the practice he cannot follow the maneuvers of all of the possible groups.
 

 Moreover, the rule which relates to contributory negligence upon the part of the plaintiff in sitting-in an unscreened portion of the grand stand under the facts of the
 
 Crone, Wells
 
 and
 
 Kavafian cases, supra,
 
 during the progress of the game is justified by still another reason. The playing during the game is confined for the most part to the diamond, and to those portions of the field away from the grand stand. The batter always intends to bat away from the home plate. It is true that foul balls frequently fly in the direction of the spectators, but the playing is directed away from the spectators for the most part rather than toward them. And the throwing which is done toward the spectators from the pitcher’s box, from bases, or from outfield, is from a distance considerably removed from the grand stand, so that the danger of injury from balls thrown and batted during the game is not so great as the danger from balls thrown or batted in a practice going on at all times within the side lines nearest the grand stand.
 

 Under the facts in the
 
 Crane, Wells,
 
 and
 
 Kavafian cases, supra,
 
 the respective courts based their decisions broadly upon the proposition that the plaintiff had such knowledge of the dangers incident to the game itself that he “assumed the risk” or was guilty of negligence as a matter of
 
 *185
 
 law in sitting in an unscreened seat at the game. We do not think that this rule should be extended to the facts in the instant case. We do not think that a court should say as a matter of law that a spectator assumes the risk of every batting or throwing of the ball permitted upon the field by the management, no matter how near the grand stand, no matter how many groups are engaged in the practice, and no matter whether the batting or throwing is a -part of the game itself. Under the facts set out in this case, which differ so essentially from those in the cases cited, we are of the opinion that the contributory negligence of the plaintiff should have been submitted to the jury. It was a question of fact under all the circumstances whether the plaintiff was aware of this particular danger, and hence was guilty of contributory negligence as a matter of law in sitting where she did.
 

 Under the facts, a duty rested upon the management to make the premises reasonably safe for spectators by having balls thrown and batted under circumstances and at a place where it would be reasonably possible for the spectators to protect themselves from injury. There was at least a scintilla of evidence in the record tending to show that the management had not performed this duty. This being the case, and it being a question of fact whether the plaintiff herself was guilty of contributory negligence, it was error for the court to direct a verdict in favor of the defendant.
 
 Pope, Admx.,
 
 v.
 
 Mudge,
 
 108 Ohio St., 192, 140 N. E., 501;
 
 McMurtrie
 
 v.
 
 Wheeling Traction Co.,
 
 107 Ohio St., 107, 149 N. E.,
 
 636.
 
 Hence the Court
 
 *186
 
 of Appeals did not err in reversing the judgment of the court of common pleas.
 

 Judgment affirmed.
 

 Marshall, C. J., Matthias, Kinkade and Robinson, JJ., concur.