JOSEPH M. LAMM, Respondent, *v.* THE CITY OF BUFFALO, Appellant.
ADELE A. LAMM, Respondent, *v.* THE CITY OF BUFFALO, Appellant.

Fourth Department, March 20, 1929.

*Gregory U. Harmon, Corporation Counsel* [*Fobves F. Dougherty* of counsel], for the appellant.

*Desbecker, Fisk & Newcomb* [*Robert W. McNulty* of counsel], for the respondents.

PER CURIAM. We think that a fair question of fact was presented as to whether the city violated its duty of ordinary care in inviting and encouraging ball games to be played on this diamond in Delaware Park, in the city of Buffalo, which was located so close to a public highway that balls batted by the players were liable to drop in the road and strike travelers lawfully traveling thereon.

While the charge of the judge of the City Court is subject to criticism, no suggestion of error was made on the trial by counsel for appellant.

In affirming these judgments we are not to be understood as indorsing all that was said by the learned court at Special Term in affirming the judgments of the City Court.

The judgments should be affirmed, with costs.

All concur, except CROUCH and TAYLOR, JJ., who dissent in an opinion by CROUCH, J., and vote for reversal on the law and for granting a new trial. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

CROUCH, J. (dissenting). Inviting and encouraging ball games to be played on the diamond in question was not the negligence pleaded. Overlooking that variance, however, a question of fact arose under the evidence only because the law both as to negligence and negligent nuisance was erroneously given to the jury in the charge of the trial judge. Conduct, to be negligent, must involve " in the thought of reasonable men an *unreasonable* hazard." (*Palsgraf* v. *Long Island R. R. Co.*, 248 N. Y. 339, 341.)

On highways some degree of danger always exists. " Street risks are a by-word in law as well as life." (*McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340.) Whether the hazard here was unreasonable depended not alone upon the propinquity of highway and diamond. " Locality, surroundings, methods, the degree of danger, and the custom of the country are the important factors." (*Melker* v. *City of New York*, 190 N. Y. 481, 489.) The ordinary volume of traffic on this parkway would have an important bearing on the degree of danger to be anticipated. The evidence is silent on the point.

Playgrounds and baseball diamonds similarly located with reference to roads exist under the customs of the country and as matter of common knowledge in almost every city and village. I think the question of the city's negligence should be submitted on adequate proof and under proper instructions to another jury.

TAYLOR, J., concurs.

In each case: Judgment affirmed, with costs.