LOUIS G. BLACKHALL, Plaintiff, *v.* CAPITOL DISTRICT BASEBALL ASSOCIATION, Defendant.

City Court of Albany, February 1, 1935.

*Scheiberling & Schneider* [*Edward N. Scheiberling* of counsel], for the plaintiff.

*O'Connell & Aronowitz* [*George Myers* of counsel], for the defendant.

DUNCAN, J. The defendant in this action conducted a baseball park just north of the city of Albany, N. Y., wherein were played the professional baseball games in the International League. On

the 14th of April, 1933, the plaintiff, a resident of the community, went to the park for the purpose of attending the opening game of the regular International League baseball season. The park is a modern baseball park with a portion of the grandstand screened so that the spectators may occupy the seats behind the screened portions with more assurance of protection from flying balls. There are bleachers or open and roofless seats located along and some feet outside the actual playing field on the first base side and on the third base side of the field. These bleachers are screened only to the height of about ten feet from the ground so that persons seated in the upper portions thereof are without the protection afforded by the screens in the grandstand and lower portion of the bleachers. The plaintiff chose to sit in the bleachers because by so doing he would be sitting in the sunlight.

The plaintiff, after paying the usual admission fee, entered the park before the actual contest had commenced and during one of the preliminaries to such a contest that is commonly called " batting practice."

In the batting practice a batsman was in the place that would be occupied by a batsman during an actual contest and a pitcher was at the place that would be occupied by a pitcher during an actual contest. The pitcher threw the ball in the usual manner. The batsman struck the ball and the ball traveled into the bleachers, where the plaintiff was turning into an aisle between rows of seats at a point above that protected by the screened portion of the bleachers, striking and injuring the plaintiff. The ball was a foul ball.

The plaintiff was familiar with the defendant's ball grounds, had attended many games there and knew that foul balls were often knocked into the bleachers where he was at the time he was struck and injured. There were many unoccupied seats behind the screened portion of the grandstand and of the bleachers.

The plaintiff brings this action to recover against the defendant because of the injuries so sustained by the plaintiff.

The jury found in favor of the plaintiff and the defendant now moves to set the verdict aside.

The testimony does not show any careless or negligent act on the part of the pitcher who threw the ball or the batsman who struck the ball. This being so, I am compelled to go further than the actual throwing and hitting of the ball to find negligence, if any, on the part of the defendant.

The plaintiff makes no claim of any negligent or dangerous condition in the bleachers except to say that all of the seats in the bleachers were not protected by screening. The leaving of some

seats in the ball park unprotected by screening is the only fact on which the plaintiff attempts to found negligence. In my opinion this alone is not negligence on which a recovery may be based, since the defendant is not an insurer of its patrons and is only charged with reasonable care for their protection

The real question in the case seems to me to be " Was the plaintiff guilty of contributory negligence and did he assume the risk in knowingly taking the position that he did? " While no case in this State having a similar factual situation has been called to my attention, nor have I been able to find such a case on my own investigation of the law, nevertheless, there are some cases that grow out of injuries to persons while on various " rides " and devices for amusement in amusement parks. And, in those cases, where there is no proof of any defect in the machine or " ride " and no proof of negligent operation, the courts have almost uniformly held that the patron who chooses to go on the " ride " or device knows that there is some risk in going on these machines and assumes this risk. (*Lumsden* v. *Thompson Scenic R. Co.*, 130 App. Div. 209; *Murphy* v. *Steeplechase Amusement Co., Inc.*, 250 N. Y. 479.) In the case last cited, Judge CARDOZO, while not deciding that one attending a baseball game assumes the risk, strongly intimates that this, in his opinion, is so, by saying (at p. 482), with reference to a device at an amusement park, " one who takes part in such a sport accepts the dangers that inhere in it so far as they are obvious and necessary, just as a fencer accepts the risk of a thrust by his antagonist or a spectator at a ball game the chance of contact with the ball."

The plaintiff, in the case at bar, was a more or less regular attendant at ball games in the defendant's park and, by his own admission, knew that he was in a portion of the bleachers that was not screened, and knew that many times foul balls were knocked into this portion of the bleachers during a ball game. Since the plaintiff, knowing these facts, put himself in the position where we find him at the time of his injury, he assumed the risk of being injured by the foul ball struck by a batsman during the usual course of the game, which includes " batting practice," an invariable preliminary to baseball games.

An identical decision has been reached in other jurisdictions. (*Kavafian* v. *Seattle Baseball Club Assn.*, 105 Wash. 215; 177 P. 776; *Lorino* v. *New Orleans Baseball & Amusement Co., Inc.*, 16 La. App. 95; 133 So. 408; *Crane* v. *Kansas City Baseball & Exhibition Co.*, 168 Mo. App. 301; 153 S. W. 1076.)

Since there were vacant seats protected by screening, that the plaintiff could have taken, both in the grandstand and in the lower

portion of the bleachers, and since the plaintiff voluntarily went into the unprotected portion of the bleachers, and since the plaintiff chose to be in such a place knowing that the balls that were struck by batters often came into that part of the bleachers, he thereby assumed the risk of being struck by a ball batted in like manner as the ball that actually struck him, causing the injuries for which he brings this action. Accordingly, the defendant's motion to set aside the verdict is granted.