LAWRENCE J. HAMMEL, Respondent, *v.* MADISON SQUARE GARDEN CORPORATION, Appellant.*

Supreme Court, Appellate Term, Second Department, April 25, 1935.

*E. C. Sherwood* [by *Herbert P. Koepke*], for the appellant.

*Charles K. Finch,* for the respondent.

PER CURIAM. Judgment unanimously reversed upon the law, with thirty dollars costs to appellants, and complaint dismissed, with appropriate costs in the court below.

Plaintiff, a spectator at a hockey match, was injured by being struck by the puck. Plaintiff was seated in the front row at the side of the rink. The rink was equipped, as practically all such rinks are, with nets at each end behind the goal, but no nets on the sides. The proof showed that occasionally the puck would come over the wooden railing that was about three and one-half feet high, into the seats where the spectators sat.

No case has been found which passes upon this exact situation. There are, however, a number of cases where spectators at baseball games have been injured by batted balls coming into the stand. The concensus of opinion in those cases is that there is no liability; that the proprietors of a baseball park are not obliged to screen all the seats; that spectators occupying seats that are not screened assume the risk incident to such use. (*Blackhall* v. *Capitol District Baseball Assn.,* 154 Misc. 640; *Brisson* v. *Minneapolis Baseball & Athletic Assn.,* 185 Minn. 507; 240 N. W. 903; *Crane* v. *Kansas City Baseball*

---

* See, also, *Ingersoll* v. *Onondaga Hockey Club, Inc.* (245 App. Div. 137).

& *Exhibition Co.*, 168 Mo. App. 301; 153 S. W. 1076; *Lorino* v. *New Orleans Baseball & Amusement Co., Inc.*, 16 La. App. 95; 133 So. 408; *Kavafian* v. *Seattle Baseball Club Assn.*, 105 Wash. 215; 177 P. 776; 181 id. 679; *Curtis* v. *Portland Baseball Club*, 130 Oreg. 93; 279 P. 277; *Cincinnati Base Ball Club Co.* v. *Eno*, 112 Ohio St. 175, 180, 181; 147 N. E. 86.) The baseball cases seem to present the same legal question that confronts us here. Upon the general question of the liability of a proprietor of an amusement resort, see, also, *Murphy* v. *Steeplechase Amusement Co., Inc.* (250 N. Y. 479): *Hall* v. *Brooklands Auto Racing Club* (L. R. [1933] 1 K. B. 205).

Present, CROPSEY, MACCRATE and BONYNGE, JJ.