## 32786. HUNT. *v.* THOMASVILLE BASEBALL CO.

DECIDED DECEMBER 5, 1949.

*C. F. Richter, Louis H. Foster,* for plaintiff.

*Franklin, Eberhardt & Barham,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) While this is the first case before the appellate courts of this State raising the question of liability to a spectator who is struck and injured by a ball negligently thrown at a baseball game, it involves a proposition which has been decided with a fair degree of unanimity in other jurisdictions. An examination of numerous cases concerned with the liability of an owner for in-

juries received by a spectator at a baseball game seated in the grandstand and injured by foul balls, flying bats and other like missiles leads us to concur with the majority view that one who buys a ticket for the purpose of witnessing a baseball game and who chooses or accepts a seat in a portion of the grandstand which his own observation will readily inform him is unprotected, voluntarily assumes the risks inherent in such a position, since he must be presumed to know that there is a likelihood of wild balls being thrown and landing in the grandstand or other unprotected areas. In Hudson v. Kansas City Baseball Club, 349 Mo. 1215 (164 S. W. 2d, 318, 142 A. L. R. 858, 866), it was held: "In baseball the patron participates in the sport as a spectator only, but in so doing subjects himself to the dangers necessarily and usually incident to and inherent in the game. This does not mean that he 'assumes the risk' of being injured by the proprietor's negligence but that by voluntarily entering into the sport as a spectator he knowingly accepts the reasonable risks and hazards inherent in and incident to the game. Bohlen, Studies in The Law of Torts, pp. 441-444. . . The rules governing the land proprietor's duty to his invitee presuppose that the possessor knows of the condition and 'has no reason to believe that they (his invitees) will discover the condition or realize the risk involved therein.' 2 Restatement, Law of Torts, Sec. 343. The basis of the proprietor's liability is his superior knowledge and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting, in view of his knowledge, assumes the risks and dangers incident to the known condition. State ex rel. First National Bank v. Hughes, 346 Mo. 938 (144 S. W. 2nd, 84); Murray v. Ralph D'Oench, 347 Mo. 365 (147 S. W. 2nd, 623); Paubel v. Hitz, 339 Mo. 274 (96 S. W. 2nd, 369)." See also in this connection Brisson v. Minneapolis Baseball & Athletic Assn., 185 Minn. 507 (240 N. W. 903); Loring v. New Orleans Baseball & Amusement Co., 16 La. App. 95 (133 So. 408); Hammel v. Madison Square Garden Corp., 156 Misc. 311 (279 N.Y.S. 815); Ingersoll v. Onondaga Hockey Club, 245 App. Div. 137 (281 N.Y.S. 505); Zeitz v. Cooperstown Baseball Centennial Inc. (N. Y. Sup.) 29 N.Y.S. 2d, 56.

We are not here called upon to decide whether, in view of the hazards of the game, it would be the duty of the proprietor to provide some seats protected from the field by wire or other reinforcement in order that those spectators who wished might have this protection. The petition in the instant case does not allege that the plaintiff had no choice but to sit in an unprotected area, or that he attempted to find a protected area and was unable to do so. Cases dealing with this point, but inapplicable here for this reason, include Crane v. Kansas City Baseball & Exhibition Co., 168 Mo. App. 301 (153 S. W. 1076); Grimes v. American League Baseball Co. (Mo.), 78 S. W. 2d, 520; Keys v. Alamo City Baseball Co. (Tex. Civ. App.) 150 S. W. 2d, 368; Ratcliff v. San Diego Baseball Club, 27 Cal. App. 2d, 733 (81 Pac. 2d, 625).

It should also be noted that the injuries alleged to have been received by the plaintiff here did not occur during the progress of the game, but during the warm-up period preceding the same. We are aware that a distinction has been drawn in Cincinnati Baseball Club Co. v. Eno, 112 Ohio St. 175 (147 N. E. 86), and other cases holding that injuries received during the warm-up period may be considered as exceptions to the general rule of the plaintiff's responsibility for the injuries received, due to the fact that there are many balls on the field at one time, that it is impossible to watch them all, and that therefore the proprietor should exercise greater care in preventing wild balls from entering the grandstand. This theory was rejected in Zeitz v. Cooperstown Baseball Centennial Inc., supra, where it was held: "The sole specification of negligence . . is that the defendant did not properly supervise the players. . . The plaintiff concedes that she assumed all the risks necessarily incident to the game of baseball, but her position is that preliminary practice is not a part of the game and hence not an incidental risk of it. . . I do not see much logic in that. Preliminary practice or 'warming up' is a necessary part of every ball game. . . Preliminary practice, in which many balls are employed, is a necessary incident to the playing of the game itself, and hence, an assumed risk."

Counsel for the plaintiff in error call our attention to two cases, Goettee v. Carlyle, 68 Ga. App. 288 (22 S. E. 2d, 854), and

*Savannah Theatres Co.* v. *Brown,* 36 *Ga. App.* 352 (136 S. E. 478). These cases have to do with the liability of the proprietor of an amusement place for damages sustained as a result of injuries caused by inadequate construction or failure to repair, and they therefore involve rules of law inapplicable to a case where the risk is open, apparent, and assumed by the invitee.

The trial court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*