ALINE McE. JOSEPH, Individually and as Administratrix of the Estate of ABATHA JOSEPH, Deceased, Plaintiff, v. CHARLES McVEIGH et al., Individually and as Executors and Trustees under the Will of LEWIS S. MORRIS, Deceased, et al., Defendants.

Supreme Court, Special Term, Bronx County, September 1, 1954.

*Bannigan & Zirin* for plaintiff.

*Adrian P. Burke, Corporation Counsel,* for City of New York, defendant.

MARKOWITZ, J. This is a motion to strike out the ninth paragraph of defendants' answer alleging that plaintiff has not complied with section 50-e of the General Municipal Law, i.e., the filing of a claim " within ninety days after the claim arises ".

The alleged acts complained of and wrongful death upon which the action is based all occurred on March 3, 1953. Plaintiff, decedent's widow, was appointed administratrix August 27, 1953. Notice of claim was filed by the administratrix with the comptroller of the City of New York on October 22, 1953, more than eight months after the occurrence of the event and death of the decedent and less than ninety days after the appointment of the administratrix.

The sole issue is whether the time to serve the notice of claim commences to run from the appointment of the administratrix or from the time of the wrongful acts and death of the decedent.

Defendants contend that the plaintiff in the action is barred in view of the fact that more than ninety days have elapsed from the date of the occurrence of the event and death of the decedent. Such contention would preclude an administratrix of an estate of a person injured, death ensuing thereafter, from suing unless such administratrix was appointed, qualified and served a notice of claim all within ninety days of the occurrence of the event. This would be contrary to the clear intent of section 130 of the Decedent Estate Law (which prescribes a two-year period of limitation).

The Legislature in enacting section 50-e of the General Municipal Law undoubtedly considered that in many instances an administratrix is not appointed until ninety days after death and never contemplated reducing the time provided for in section 130 of the Decedent Estate Law.

To this court it would be unconscionable to adopt defendants' interpretation of section 50-e of the General Municipal Law. *Winbush* v. *City of Mount Vernon* (306 N. Y. 327) is no authority for defendants' position.

It follows that as to the cause of action arising from the wrongful death of the decedent, the notice of claim by the administratrix was timely filed. In respect to the cause of action for pain and suffering prior to the death, this court finds in the exercise of its discretionary power that the notice of claim was timely served. Accordingly, the motion is granted. Settle order.