NICHOLAS GRYNEWYTSCH, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 32777.)

Court of Claims, March 8, 1955.

*Michael A. Makohon* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Neil R. Farmelo* of counsel), for defendant.

RYAN, J. Claimant visited Beaver Island State Park on Sunday, June 20, 1954. While sitting on a bench near a table in a picnic area, he was struck in the face by a baseball. It does not clearly appear whether the ball was batted or thrown. There was a baseball diamond near the picnic area and children, eleven or twelve years old, were playing on it but were not utilizing the "screen", or backstop, which was provided. In claimant's words "there was no backstop in back of the fellow who was catching the ball". Claimant was injured and incurred bills for hospitalization and medical attention totaling $45. He lost three days employment at $58 per week.

Claimant's allegation of negligence against the State of New York is failure to properly supervise, police and keep the park safe and orderly. The only testimony on that point, other than the testimony that the children were playing and were not using the backstop, is that the claimant and his companion did not see any police officer until after he was injured. Upon the evidence produced before us, claimant has failed to prove facts sufficient for us to make a finding that the State of New York violated its duty of ordinary care in permitting ball games to be played in such close proximity to the picnic area that balls batted or thrown were liable to strike visitors lawfully sitting therein. (*Lamm* v. *City of Buffalo,* 225 App. Div. 599; *Lane* v. *City of Buffalo,* 232 App. Div. 334.) Indeed it may be queried if claimant, having sat for two hours observing the play, by his own testimony, did not bring himself within the spectator rule. (*Murphy* v. *Steeplechase Amusement Co.,* 250 N. Y. 479; *Kaufman* v. *Madison Square Garden Corp.,* 246 App. Div. 593; *Blackhall* v. *Capitol Dist. Baseball Assn.,* 154 Misc. 640; *Hammel* v. *Madison Square Garden Corp.,* 156 Misc. 311.) If claimant could not find a park patrolman (there is no suggestion that he looked for one) to complain of any disorderly or improper conduct of the children at least he could have moved to another location.

But in any event the claim must be dismissed for another reason. Claimant was injured June 20, 1954, he verified his claim August 31, 1954, his attorney mailed the claim to the clerk of the Court of Claims and to the Attorney-General September 18, 1954. That was the ninetieth day and it was a Saturday. The claim was received in the clerk's office on September 20, 1954, and was thereupon filed. That was the ninety-second day.

In *Conti* v. *State of New York* (277 App. Div. 955), the claim, verified at earlier date, was not filed until the ninety-first day, due to the carelessness of the claimant's attorney. An order of this court excusing the delay was affirmed. However, that decision was made upon a motion pursuant to subdivision 5 of section 10 of the Court of Claims Act, and it appeared that the State was not prejudiced by the delay and that the proof indicated that the State had actual knowledge of the conditions in connection with the accident. Here, no similar motion has been made, there is no showing of lack of prejudice and, unless we charge the State with knowledge of the details of the accident on the basis of claimant's testimony that after he was hurt police appeared and took him to the hospital, there is no showing that the State had an opportunity to investigate. In *Garrette* v. *State of New York* (197 Misc. 842, 846), a notice of intention was mailed on the ninetieth day and filed on the ninety-first day. The jurisdictional question was raised for the first time upon the trial, as was done in this case. Judge GORMAN excused the late filing upon a showing " that the State Police commenced an investigation and took numerous photographs upon the very day of the accident." Here, if we could assume to entertain an application for permissive filing under the two-year limitation of subdivision 5 of section 10 of the Court of Claims Act, upon our own motion, we do not find sufficient grounds upon which to grant it.

We have considered the proposition that perhaps claimant could not have been fully aware of the extent of his damages until he knew how many days he would be disabled, how much time he would lose from employment and how large his expenses would be. That would give him several days of grace. But the rule of accrual in property damage suits (*Dufel* v. *State of New York,* 198 App. Div. 97; *Di Laura* v. *State of New York,* 169 Misc. 912), does not apply to causes of action for personal torts, including bodily injuries (*Undritz* v. *State of New York,* 179 Misc. 467), assault and battery, false arrest and false imprisonment (*Baxter* v. *State of New York,* 189 Misc. 525, affd. 273 App. Div. 839, motion for reargument and motion for

leave to appeal to the Court of Appeals denied, 273 App. Div. 942), and conscious pain and suffering (*Joseph* v. *McVeigh*, 285 App. Div. 386, modifying 206 Misc. 610), in all of which the time begins to run from the date of the accident or injury.

Upon the foregoing, this claim must be dismissed. Submit order.