Jeff Davis MULLINS, Jr.

v.

Olin G. BLACKWELL, Warden, United States Penitentiary, Atlanta, Georgia,

and

Leo N. McKenzie, D.D.S., Chief of Dental Services, United States Penitentiary, Atlanta, Georgia.

Civ. A. No. 10573.

United States District Court
N. D. Georgia,
Atlanta Division.

Nov. 18, 1967.

---

D. Warner Wells, Charles R. Adams, Jr., Ft. Valley, Ga., for plaintiff.

Charles L. Goodson, U. S. Atty., Beverly B. Bates, Asst. U. S. Atty., Atlanta, Ga., for defendants.

LEWIS R. MORGAN, Chief Judge.

The defendants in the above-styled action have filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The plaintiff's action is one for damages under the Federal Tort Claims Act, 28 U.S. C.A. § 2671.

The basis of the plaintiff's complaint is that he was struck in the mouth by a baseball which caused him serious injury and pain. Though there are several questions of disputed fact, such as whether the plaintiff was a participant or a spectator at the game, the defendants contend that the plaintiff is precluded from recovering even if the facts as alleged by the plaintiff are accepted as true.

It is undisputed that the defendant provided a backstop at the baseball field where the injury occurred. Though there is dispute with regard to the place where the injury occurred, it is irrelevant whether it occurred on the first base or the third base side of the field. It is only important that protective screening was provided behind home plate and that the plaintiff did not seek shelter in such protected area.

The Court is of the opinion that the doctrine of assumption of risk is applicable to the instant action. Hunt v. Thomasville Baseball Company, 80 Ga. App. 572, 56 S.E.2d 828 (1949). The fact that the plaintiff is a prisoner at a federal institution does not work to alter the application of the assumption of risk doctrine. The basic ingredients necessary for the proper application of the doctrine are present, as a protected area was provided and the plaintiff chose not to seek protection in such area. It is clear that the plaintiff assumed the risk inherent in taking a position outside of the protected area.

At this point, the Court would like to note that its opinion as to the applicability of the assumption of risk doctrine might be altered if the plaintiff was injured while involuntarily performing an assignment in the area. However, that is not the situation in the case at hand. The plaintiff was surely a spectator according to his allegation, if not a participant as alleged by the defendant.

In view of the above, the defendant's motion for summary judgment is hereby granted.

It is so ordered.