OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Bradford R. Brewster ("Brewster"), appeals from a final judgment of the Trumbull County Court of Common Pleas entering summary judgment in favor of appellee, Donald Fowler, Jr. ("Fowler"). For the following reasons, we affirm the judgment of the trial court.
In May 1997, Fowler asked Brewster to help him build a wood deck on the rear of his home in Warren, Ohio. Brewster's duties consisted of performing general labor such as carrying lumber and pounding nails. At the time of the accident, Brewster had been working on the deck with Fowler for approximately a week, for a total of around six hours.
In constructing the deck, it was necessary to first cut some of the lumber to shape. To do this, Fowler used a Sears Craftsman table saw he had purchased at a garage sale several years before. The evidence showed that sometime between the purchase and the date of the accident, Fowler had removed the plastic guards surrounding the blade because they had become cracked.
Prior to the accident, Brewster had never used a table saw. Furthermore, during the time the parties were working on the deck, Fowler was the only person to use the saw in question. At no time did Fowler ask Brewster to use the saw, nor did Fowler discuss its operation with Brewster.
On June 13, 1997, the day of the accident, Brewster arrived at Fowler's home to continue working on the deck. The parties worked together for approximately two hours. Sometime during the afternoon, Fowler told Brewster he needed to go to the drug store where he was a pharmacist. Brewster remained at Fowler's home and continued to work. Fowler did not leave any instructions with Brewster as to what work he should do in his absence.
When Fowler left, Brewster decided to use the saw to cut a piece of lumber. After guiding the board though the saw, Brewster picked the two pieces up off the table. As he was turning around, Brewster brushed his left hand across the still spinning blade, severing the tip of his left thumb. Brewster was rushed to the hospital where it was decided to forgo reattaching the fingertip because of the possibility of infection.
On February 12, 1998, Brewster filed a complaint in the Trumbull County Court of Common Pleas alleging that Fowler had acted negligently with respect to the table saw and that this negligence resulted in the amputation of the tip of Brewster's left thumb. Fowler filed an answer denying the allegations in the complaint, and in the alternative, asserted the defense of assumption of the risk. No claim was made that appellant was eligible or qualified for any application of workers compensation benefits in this case.
Following Brewster's deposition, Fowler filed a motion for summary judgment on March 26, 1999. In his motion, Fowler argued that Brewster's claim was barred by both primary assumption of the risk and implied assumption of the risk. On April 26, 1999, Brewster filed a brief in opposition.
On June 28, 1999, the trial court issued a judgment entry granting Fowler's motion for summary judgment. In doing so, the trial court concluded that based on the undisputed facts, even if the case was presented to a jury under an implied assumption of the risk theory as opposed to primary assumption of the risk, Brewster's negligence "far outweigh[ed]" any arguable negligence on Fowler's part.
From this judgment, Brewster filed a timely notice of appeal. He now asserts the following assignment of error for our review:
 "The trial court erred to the prejudice of the plaintiff-appellant by granting defendant-appellee's motion for summary judgment."
 Brewster maintains that the trial court erred in granting summary judgment because reasonable minds could differ as to whether he assumed the risk of injury by using the table saw in question. Specifically, he argues that primary assumption of the risk is not appropriate because the danger was not open and obvious due to the fact that the safety devices had been removed by Fowler, and because Fowler had failed to inform Brewster of their removal.
As for implied assumption of the risk, Brewster posits that it should not be used to bar his recovery because Fowler owed Brewster a duty to make sure Brewster had the knowledge and experience to use the table saw. In addition, Brewster argues that implied assumption of the risk is not applicable because he was unaware of the risks involved in using the saw. We disagree.
At the outset, we note that summary judgment is proper when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); Leibreich v. A.J. Refrigeration, Inc. (1993),67 Ohio St.3d 266, 268.
Material facts are those facts that might affect the outcome of the suit under the governing law of the case. Turner v. Turner (1993),67 Ohio St.3d 337, 340, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
The party seeking summary judgment on the grounds that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. Dresherv. Burt (1996), 75 Ohio St.3d 280. The moving party must be able to point specifically to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim. Id. at 293.
If this initial burden is met, the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial. Id. If the nonmoving party fails to do so, the trial court may enter summary judgment against that party if appropriate. Id.
In order to establish an actionable claim for negligence, Brewster had to demonstrate the following: (1) Fowler owed a duty to him; (2) Fowler breached that duty; (3) Fowler's breach of duty directly and proximately caused his injury; and (4) he suffered damages. Chambers v. St. Mary'sSchool (1998), 82 Ohio St.3d 563, 565; Sedar v. Knowlton Constr. Co.
(1990), 49 Ohio St.3d 193, 198. See, also, Bond v. Mathias (Mar. 17, 1995), Trumbull App. No. 94-T-5081, unreported, at 6, 1995 Ohio App. LEXIS 979. The existence of a duty in a negligence action is a question of law for the court to determine. Maky v. Patterson, Inc. (July 5, 1996), Geauga App. No. 96-G-1962, unreported, at 5-6, 1996 Ohio App. LEXIS 3002, citing Mussivand v. David (1989), 45 Ohio St.3d 314, 318.
Assumption of the risk arises where a person has full knowledge of a patently dangerous condition and voluntarily exposes himself to the hazards created by the condition. Briere v. Lathrop Co. (1970),22 Ohio St.2d 166, 174-175. Under the doctrine of assumption of the risk, there are three specific categories: express, primary, and implied. Only primary and implied are applicable to the instant matter, so we will limit our discussion to those two.[1]
Primary assumption of the risk is generally applied in cases where there is a lack of duty owed by the defendant to the plaintiff as a matter of law. Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 128
(Lundberg Stratton, J., concurring in part and dissenting in part). See, generally, Gallagher v. Cleveland Browns Football Co. (1996),74 Ohio St.3d 427; Cincinnati Base Ball Club Co. v. Eno (1925),112 Ohio St. 175. It acts as an absolute bar to a claim of negligence by assuming that some known risks are so inherent in certain activities or situations that they cannot be eliminated. Ferguson v. Cincinnati Gas Electric Co. (1990), 69 Ohio App.3d 460, 462; Collier v. Northland SwimClub (1987), 35 Ohio App.3d 35. Primary assumption of the risk requires the plaintiff to reasonably and voluntarily expose himself to an obvious and known danger which would relieve the defendant from any duty to protect the plaintiff. Siglow v. Smart (1987), 43 Ohio App.3d 55, 59.
The conduct of the plaintiff has nothing to do with whether or not primary assumption of the risk is applicable. Mima v. Akron (1986),31 Ohio App.3d 124, 125. Rather, the plaintiff's conduct is immaterial because the focus of the inquiry remains on the lack of any alleged duty owed by the defendant. Id. at 126. Thus, primary assumption of the risk requires an examination of the activity at issue.
In contrast, implied assumption of the risk is defined as the plaintiff's consent to or acquiescence in an appreciated, known, or obvious risk to the plaintiff's safety. Benjamin v. Deffet Rentals, Inc.
(1981), 66 Ohio St.2d 86. Unlike primary assumption of the risk, implied assumption of the risk recognizes the existence of a duty owed by the defendant to the plaintiff but holds that the plaintiff's consent to or appreciation of a known risk may be invoked as a defense to the plaintiff's cause of action. Wever v. Hicks (1967), 11 Ohio St.2d 230. Implied assumption of the risk includes dangers which are so obvious in a particular situation that a person must have known of and appreciated them. Collier at 37. In other words, under the doctrine of implied assumption of the risk, a plaintiff cannot recover for an injury received when he voluntarily exposed himself to a known and appreciated danger.Mulloy v. Longaberger, Inc. (1989), 47 Ohio App.3d 77.
In Anderson, 6 Ohio St.3d at paragraph one of the syllabus, the Supreme Court of Ohio merged the defense of implied assumption of the risk with the defense of contributory negligence under R.C. 2315.19. As a result, the negligence of all relevant parties will be considered when determining what, if any, recovery the plaintiff is entitled to.Anderson, 6 Ohio St.3d at 113. The court expressly excluded primary assumption of the risk from the aforementioned merger. Id.
In the case at bar, the trial court failed to address Fowler's arguments with respect to primary assumption of the risk. Instead the court concluded that Brewster's negligence outweighed any negligence on the part of Fowler. However, after reviewing the record and the applicable law, we conclude that Fowler did not owe Brewster any duty, and as a result, primary assumption of the risk bars any claim by Brewster as a matter of law.
No reasonable person could question that using a table saw is a dangerous activity requiring a certain degree of caution. See, generally, Sopkovich v. Ohio Edison Co. (1998), 81 Ohio St.3d 628, 642;Bond v. Howard Corp. (1995), 72 Ohio St.3d 332, 336; Ratliff v. 20thCentury Constr. Co. (June 19, 1998), Lake App. No. 97-L-074, unreported, at 12, 1998 Ohio App. LEXIS 2761 (all holding that a construction site is an inherently dangerous setting). However, Brewster argues that by removing the plastic guards surrounding the moving blade, Fowler created an even more dangerous situation. Taken into consideration with his lack of experience with such a machine, Brewster argues that it was impossible for him to have reasonably exposed himself to a known danger, and, therefore, primary assumption of the risk would not be applicable.
We disagree. While Brewster may not have been aware of the operation of the table saw in question, he was certainly aware of the fact that if he were to come into contact with the moving blade, serious injuries would result. Moreover, the fact that Brewster was unaware of the removal of the guards is ultimately immaterial to our decision. Brewster testified in his deposition that he did not know that Fowler had removed the guards. However, Brewster was aware of the fact that there were no guards in place; he was aware that he had not been instructed on the use of the saw; he was aware that he had never before been asked to use the saw; and he admittedly proceeded to operate a dangerous instrumentality with full knowledge of the potential risks and consequences.
The fact that Fowler never instructed Brewster on the use of the saw does not, in and of itself, lead to a conclusion that Fowler was somehow negligent. To the contrary, it supports the inference that Brewster was never intended to use the saw in the first place.
It is undisputed that Fowler never asked Brewster to use the table saw during the time the two men worked on the deck together. In addition, Brewster testified that Fowler was the only person to use this particular saw, and that he never asked Fowler about its use and operation. Rather, Brewster chose to use the saw without the supervision, instruction or permission of Fowler on his own accord.
Brewster's claim that he believed Fowler expected him to use the saw lacks corroboration and support from the record. In fact, Brewster admitted that Fowler never explicitly told him to continue working in his absence. Therefore, appellant's claim of "belief" must be viewed as a lay opinion. Such lay opinions must conform to Evid.R. 701, in that they must be rationally based on the perception of the witness. Hence the facts forming the rational basis for such perception must be set out in the record. Here the facts in evidence fail to provide any such support or corroboration.
As a result, we conclude that Brewster's independent actions abrogated any duty that may or may not have attached to Fowler. A plaintiff who chooses to proceed in the face of a known risk is deemed to have relieved the defendant of any duty to protect. Thus, primary assumption of the risk is applicable.
Based on our above analysis, there is no need to determine whether or not Brewster's negligence outweighed that of Fowler. Brewster's sole assignment of error is without merit. The judgment of the trial court is affirmed.
 __________________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., concurs, O'NEILL, J., concurs in judgment only.
[1] Express assumption of the risk arises in situations where a person expressly contracts with another not to sue for any future injuries which may be caused by that person's negligence. Anderson v. Ceccardi (1983),6 Ohio St.3d 110, 114.