[Cite as *Liu v. Ohio Univ.*, 2010-Ohio-4581.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

XI LIU

     Plaintiff

     v.

OHIO UNIVERSITY

     Defendant

     Case No. 2009-08829-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Xi Liu, filed this action against defendant, Ohio University (OU), alleging the windshield on her Pontiac Sunfire was broken as a proximate cause of negligence on the part of OU in maintaining a hazardous condition on its premises. Plaintiff described the specific damage incident noting, "I just stopped my car in Lot 143 of Ohio University then a field hockey ball flied out of the field hockey field (No. 138 on campus map) and cracked my windshield." Plaintiff recalled the particular damage incident occurred on October 22, 2009 at approximately 3:00 p.m. Plaintiff seeks recovery of damages in the amount of $197.00, the stated cost of a replacement windshield. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with her damage claim.

{¶ 2} Defendant confirmed the windshield on plaintiff's vehicle was damaged when an errant ball from the OU field hockey site left the playing field and struck plaintiff's car parked in Lot 143. However, defendant advised plaintiff mistakenly claimed the errant ball came from field 138 "which is across Shafer Street from Parking Lot 143." Defendant explained parking lot 143 is located adjacent to Howard Park, a

site used for field hockey and the ball that struck plaintiff's car actually came from field 106 where field hockey is played. Defendant related, "Lot 143, is directly adjacent to the north of this facility (Field 106)." According to information contained in a police report, (copy submitted) filed incident to plaintiff's damage occurrence, plaintiff was sitting in her parked car at the time the field hockey ball struck her windshield.

{¶ 3} Defendant denied liability in this matter based on the contention that plaintiff assumed the risk of harm when she knowingly parked her car in a lot adjacent to an athletic field when a field hockey game or practice was in progress. Defendant stated, "[f]ield hockey is a vibrant sport involving, at times, a rapidly moving ball which can do damage." Defendant argued, "[a] reasonable person who decides to park a vehicle near a field in which this sport (field hockey) is taking place assumes the risk associated with this decision." Defendant further argued plaintiff was well aware of the risks involved in parking her car adjacent to a field where athletic activity involving balls struck with sticks was in progress. Seemingly, defendant asserted plaintiff had a duty to protect her property from the known dangers associated with parking her vehicle next to an athletic site where it was common knowledge that balls could at any time be propelled from the field of play onto Lot 143.

{¶ 4} Primary assumption of the risk is a defense generally applied in cases where there is a lack of duty owed by the defendant to plaintiff and is a complete bar to recovery. *Anderson v. Ceccardi* (1983), 6 Ohio St. 3d 110, 114, 6 OBR 170, 45 N.E. 2d 780. "In that form, while there is a knowledge of the danger and acquiescence in it on the part of the plaintiff, there is no duty owed by defendant to plaintiff." *Willoughby v. Harrison Radiator, Div. of General Motors Corp.* (May 11, 1989), Montgomery App. No. 11225. This type of assumption of the risk is typified by the baseball cases where a plaintiff is injured when a baseball is hit into the stands. *Anderson*, at 114, citing *Cincinnati Baseball Club Co. v. Eno* (1925), 112 Ohio St. 175, 147 N.E. 86.

{¶ 5} Also, it has been determined, under the doctrine of primary assumption of the risk, that an individual injured while engaged in a recreational activity is generally barred from recovery because she is presumed to have assumed the ordinary risks of that activity unless it can be proved another individual acted recklessly or intentionally in causing the injury claimed. *Marchetti v. Kalish* (1990), 53 Ohio St. 3d 95, 559 N.E. 2d 699; *Gentry v. Craycraft*, 101 Ohio St. 3d 141, 2004-Ohio-379. The doctrine of primary

assumption of the risk serves to remove liability for mere negligence under circumstances involving recreational activity injuries. The trial court applied a three-part test for primary assumption of the risk set forth in *Gallagher v. Cleveland Browns Football Co. Inc.* (1994), 93 Ohio App. 3d 449, 638 N.E. 2d 1082, reversed on other grounds, 74 Ohio St. 3d 427, 1996-Ohio-320, 659 N.E. 2d 1232. The test requires that: 1) the danger is ordinary to the game; 2) it is common knowledge that the danger exists; and 3) the injury occurs as a result of the danger during the course of the game.

{¶ 6} It is well settled that spectators attending baseball games who are injured by batted balls flying into the stands are denied recovery based on the primary assumption of the risk doctrine. The following standard was enunciated in *Cincinnati Baseball Club Co.*, 112 Ohio St. 175, 147 N.E. 86, in regard to the spectators assumption of the risk at a baseball game. "The consensus of *** opinions is to the effect that it is common knowledge that in baseball games hard balls are thrown and batted with great swiftness, that they are liable to be thrown or batted outside the limits of the diamond, and that spectators in positions which may be reached by such balls assume the risk thereof" at 180-181. Furthermore, in *Borchers v. Winzler Excavating Co.* (1992), 83 Ohio App. 3d 268, 273, 614 N.E. 2d 1065, the court stated: "In baseball games, management performs its duty towards spectators when it provides screened seats in the grandstand and gives spectators the opportunity of occupying them. *Cincinnati Baseball Club* (cite omitted)."

{¶ 7} "The nature of the sporting activity is highly relevant in defining the duty of care owed by a particular defendant: 'What constitutes an unreasonable risk under the circumstances of a sporting event must be delineated with reference to the way the particular game is played, i.e. the rules and customs that shape the participant's ideas of foreseeable conduct in the course of a game.'" *Bundschu v. Naffah*, 147 Ohio App 3d 105, 2002-Ohio-607, ¶36. Any analysis of primary assumption of the risk turns on whether or not the injured spectator was subjected to risk or hazards that a reasonable participant would or would not expect to encounter in the particular sporting activity.

{¶ 8} Despite the fact plaintiff was not a spectator at the field hockey event on October 22, 2009 and the representative injury occurred in a parking lot removed from the playing field, defendant argued the doctrine of primary assumption of the risk with the consequential no duty rule should apply to the outcome of the instant claim.

Furthermore, defendant seemingly contended the doctrine of assumption of the risk is applicable to injuries resulting from errant balls leaving the playing area in field hockey contests as well as more commonly accepted venues such as baseball games. This court has previously held the doctrine of primary assumption of the risk was applicable to a property damage situation resulting from a baseball leaving the playing field and damaging the car of a non-spectator parked in an adjacent parking lot. See *Cheney v. Cleveland State Univ.* (2006), 2006-04113-AD. In the instant claim, the court concludes the primary assumption of the risk doctrine is applicable to situations where non-spectator plaintiffs have suffered damage to property from errant balls leaving the field of play at a field hockey area. Consequently, plaintiff assumed the risk of damage to her property from field hockey play and because the risk was foreseeable, no duty of care was owed to plaintiff by defendant. Therefore, this claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

XI LIU

Plaintiff

v.

OHIO UNIVERSITY

Defendant

Case No. 2009-08829-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Xi Liu                                    George T. Wendt, Risk Manager
300 W. State Street                 Ohio University
Apt. J4                                  160 Union Street
Athens, Ohio  45701              HDL Center 166H
                                            Athens, Ohio  45701

RDK/laa
Filed 5/14/10
Sent to S.C. reporter 9/17/10