Louis G. Blackhall, Appellant, v. Albany Baseball and Amusement Co., Inc., Respondent.*

County Court, Albany County, January 15, 1936.

---

* Affg. 154 Misc. 640.

*Scheiberling & Schneider*, for the appellant.

*O'Connell & Aronowitz*, for the respondent.

GALLUP, J.   This action arises out of an injury sustained by the plaintiff as a result of being struck by a baseball fouled into the bleachers outside of the playing field, beyond first base and right field, while he was moving in an aisle between the rows of seats and about to take the seat selected by him in the defendant's baseball park.

Plaintiff entered the ball park in company with three friends about a half or three-quarters of an hour before game time and while the Albany team was engaged in batting practice.   The incident occurred on the opening day of the season and by reason of the coolness of the day the plaintiff and his friends elected to take seats in the bleachers that they might receive the benefit of the sun, instead of sitting in the inclosed portions of the grandstand where the plaintiff was accustomed to sitting.

Some portions of the grandstand were protected by screening and others were not and the bleachers where plaintiff was about to take a seat were screened to a height of about ten feet, but the place where he was when struck by the ball was about two-thirds of the way towards the top of the bleachers and beyond the portion protected by screens.

Plaintiff had been in the habit of attending the ball games at this park once a week or oftener during the playing season, over a period of years.   He was aware of the fact that the bleachers, where he was about to sit, were unprotected by screens and he had seen foul balls knocked into that stand on many occasions and was also acquainted with the fact that batting practice is always indulged in before the game starts.

When the plaintiff arrived there were seats available in the screened or protected portions of the stand that he could have taken had he so desired.   He observed that they were engaged in batting practice when he entered and notwithstanding that fact sought a seat in the unprotected portion of the bleachers.

Batting practice was being carried on by the pitcher throwing balls from the pitcher's box up to the batter who was in the batter's

box and a catcher was throwing the balls back to the pitcher that were not struck by the batter. So far as the record goes, the conditions were the same as if a regular game was in progress.

The Appellate Division of this department in *Ingersoll* v. *Onondaga Hockey Club, Inc.* (245 App. Div. 137) held that a spectator attendant at a hockey game assumes the risk incident to the entertainment where she accepted and occupied a seat partly outside of the screened area. The court stated that " The rule is equally well settled that a spectator at a baseball game assumes the risk of being struck by a foul or a wild-thrown ball when sitting elsewhere than behind the screen back of home plate. A spectator at a baseball game may be regarded as assuming such risks from balls as are necessarily incident to the game." The court cited with approval *Blakeley* v. *White Star Line* (154 Mich. 635; 118 N. W. 482); *Crane* v. *Kansas City Baseball & Exhibition Co.* (168 Mo. App. 301; 153 S. W. 1076) and *Kavafian* v. *Seattle Baseball Club Assn.* (105 Wash. 215, 219; 177 P. 776; on rehearing, 181 P. 679).

The Appellate Division summarized the decision in the case last cited as follows: " It was held that one familiar with baseball, who, instead of taking a seat in the grand stand, protected by a screen, to which his ticket entitled him, took a seat outside of the screened area, was guilty of contributory negligence, or assumed the risk, so as to be precluded from recovery for injury through being struck by a foul ball."

The court in the Washington case used the following illuminating language, which in many respects has particular application to the facts in this case: " Conscious of the fact that balls are very often hit ' foul,' and that wild throws sometimes result in the ball falling among the spectators, and conscious of the fact that there was no protection between the balls and himself, he continued to occupy a seat in that unscreened portion until he received his injury. It matters not whether one designates his act in this regard contributory negligence or views it as in the nature of assumption of risk, the result is the same. The place in which he could have taken a seat would have fully protected him against the ordinary and usual hazards incident to witnessing the game in question, but he chose to sit elsewhere and substitute for that safety the compensating facility of vision. If there was a chance of danger, the respondent voluntarily took it. Having purchased a ticket which offered him a choice of two positions, he, with full knowledge of the risk of injury, chose the more dangerous position."

Appellant argues that these cases do not apply for the reason that in them the injury occurred during the progress of the game and after the patron had taken his seat, while in the case at bar

the plaintiff was injured during batting practice and just before he had reached his seat. I am unable to perceive any distinction in principle because of the difference in the facts outlined above. Plaintiff was well aware that the danger in the unscreened portions of the stands was just as great during batting practice as while the game was in progress and had he not been willing to assume the risk of reaching the seat he desired in safety, while batting practice was in progress, as he observed it was when he entered, he should have chosen a seat in the screened section which he could have reached without risk. He would hardly contend that had he entered the ball park after the game started, the game should have been called until he reached his seat in the unscreened bleachers. The danger was just as obvious in one instance as in the other and he could so conduct himself as to be on the side of safety in either case.

The rule that the plaintiff contends for either requires that the batting practice after the gates are open be eliminated, or that the owners of the ball park become the absolute insurers of the safety of their patrons who enter while practice is on until they have reached the unprotected seats that they may choose to occupy, even though they have provided both screened and unscreened seats.

Such a rule would be too harsh and would impose a burden out of all proportion to the duty to exercise reasonable care. There is nothing wrong in and by itself about batting practice, provided it is not negligently indulged in, and there is nothing in this record indicating that there was any negligence on the part of the defendant.

Plaintiff has cited no case holding the rule that he contends for and I have been unable to find any.

Applying the rules laid down in the cases cited to the facts shown by the record, the plaintiff must be deemed to have assumed the risk incident to his attempt to procure a seat in the unscreened portion of the bleachers during batting practice and, therefore, cannot recover.

The order of the City Court of Albany is affirmed, with costs to the respondent.