Mortimer B. Patterson, J.
This case was tried before the court and a jury. The only question submitted to the jury was that of damages. All other questions were reserved as questions of law, upon the decision of which, the court should direct a verdict. The jury returned a verdict in favor of the plaintiffs in the sum of $175 and $100 respectively. The facts are briefly these:
The defendant maintained a modern baseball plant consisting of a well-laid out diamond, a playing field, a covered grandstand behind the home plate and extending part of the distance toward first base, there was a series of open grandstands coming the entire front thereof. Beyond the covered grandstand, toward first base, there was a series of open grandstands commonly known as “bleachers.” On the day of the accident, a game was scheduled between two college teams, admission thereto charged when tickets could be purchased for either the *143 covered and protected grandstand, or for the uncovered bleachers. The plaintiff wife elected to purchase tickets for the open stand. She entered the first section of the bleachers, the position being described by her as being directly behind first base. At the time the plaintiff entered the stand, the teams were engaged in preliminary practice, there being five or six different balls in play. Two of the Cornell team were “ warming up ” on the field between home plate and first base, which brought them in line with the open stand where the plaintiff was sitting but 14 feet distant therefrom. The ball was being thrown in a line substantially parallel with the first base line. Plaintiff and her party noticed that three or four of the pitches thrown by one of the players warming up were “wild” and thereupon decided to move their seats, considering themselves in danger of being struck where they were sitting. While in the act of changing her seat, the plaintiff was struck and sustained certain injuries. The plaintiff was not a stranger to the game of baseball. She seemed fairly familiar with its technique and testified that she had attended other baseball games on occasions and had seen balls go into the open stands when she was at these games. She cannot, therefore, cloak herself with the role of one unfamiliar with the dangers incidental to the game of baseball. Under these circumstances, was the defendant negligent?
The sole specification of negligence, as appears in the bill of particulars, is that the defendant did not properly supervise the players, hence, there is a very limited question for consideration. Certainly, the defendant was not liable for the independent acts of the ball players who were in no sense its agents, servants or employees. The liability, if any, must necessarily be original in its nature and not secondary, and certainly, it was not the insurer of the safety of its patrons. It did owe them a duty of exercising reasonable care for their safety after they had assumed all the risks incidental to the game.
It has long been the general rule that the proprietor of an establishment where contests of baseball, hockey, etc., are conducted, is not liable for injuries to its patrons. It is likewise well established that there was no duty on the part of the defendant to provide netting in front of the bleachers, indeed, these plaintiffs do not claim any negligence on that score. She elected to sit in the open bleachers where there was no protection in the form of netting or screening and where she knew there was danger of being struck by a ball and when a grandstand was provided by the defendant which had in front of it a wire screening which would have afforded absolute protection against batted or thrown balls.
*144 The plaintiff concedes that she assumed all the risks necessarily incident to the game of baseball, but her position is that preliminary practice is not a part of the game and hence, not an incidental risk of it. In other words, the injuries were not received in the course of the game while being played and the ball was not batted or thrown by players in their usual position in the game. I do not see much logic in that. Preliminary practice or ‘‘warming up ” is a necessary part of every ball game. It is indulged in by the players generally, preliminary to every game when many balls are in use at the same time. In other words, the plaintiff says if the game had started and she had been injured in the first inning thereof, she could not recover, but because she was injured by a ball thrown during the necessary preliminary warming up period, she can recover. The plaintiff admits that there is no case in this jurisdiction which supports the proposition of law for which she contends. However, there is succinct authority to the contrary, namely, Blackhall v. Albany Baseball Amusement Co. (157 Misc. 801), but we are told that that is no authority because the case originated in the City Court of Albany. Well, if it was good law there, it is good law anywhere. There the facts were quite identical with those here. There the plaintiff was well aware that the danger in the unscreened portions of the stand was just as great during the batting practice as while the game was in progress, notwithstanding which, he elected to sit in the bleachers rather than to choose a seat in the screened section of the stand. The court held that the plaintiff must be deemed to have assumed the risk incident to batting practice.
In Ingersoll v. Onondaga Hockey Club (245 App. Div. 137, 138), the court held that a spectator at a hockey game assumes the risk incident to the entertainment when she accepted and occupied a seat partly outside of the screened area. The court there said: “ The rule is equally well settled that a spectator at a baseball game assumes the risk of being struck by a foul or wild-thrown ball when sitting elsewhere than behind the screen back of home plate. A spectator at a baseball game may be regarded as assuming such risks from balls as are necessarily incident to the game. ’ ’
Here, the plaintiff, familiar with baseball, who instead of taking a seat in the grandstand protected by screening, elected to take a seat outside of the screened area, was guilty of contributory negligence or assumed the risk so as to be precluded from recovery for injury from a wildly thrown ball.
The plaintiff relies upon the authority of Cincinnati Base Ball Club Co. v. Eno (112 Ohio St. 175). There a spectator was *145 injured by being struck by a ball during batting practice preliminary to the game. The players were practicing, not on the diamond, and the batter was batting in the proximity of the stand. The court found for the plaintiff upon the unique theory that where several balls are simultaneously in play on the field, it is impossible for the spectator to protect himself by watching more than one ball at a time. During the course of the game itself, the spectator has to watch but one ball, and during the course of the practice, he cannot follow the maneuvers of all the possible groups. As a physical fact, that is undoubtedly true, but it does not alter the fact that preliminary practice, in which many balls are employed, is a necessary incident to the playing of the game itself, and hence, an assumed risk.
There is no justification for a court in this State to reach out and adopt the precedents created by courts in foreign jurisdictions when to do so would be a radical departure from the law established in this State. The Massachusetts court in Shanney v. Boston Madison Sq. Garden Corp. (296 Mass. 168) cited with approval the Ohio case and directly repudiated the law of New York in Hammel v. Madison Sq. Garden Corp. (156 Misc. 311). The reasoning employed by the Massachusetts court is in direct contradition to that employed by our courts. On the other hand, the States of Washington, Louisiana and Missouri have decided cases identical with the Blackhall case and in the same way, namely, Kavafian v. Seattle Baseball Club Assn. (105 Wash. 215); Lorino v. New Orleans Baseball Amusement Co. (16 La. App. 95); Crane v. Kansas City Baseball & Exhibition Co. (168 Mo. App. 301). Adonnino v. Village of Mt. Morris (171 Misc. 383) is complete authority for the conclusion that when the plaintiff attended the ball game and sat in the unprotected bleachers, she assumed all the risks reasonably incidental to the game. The risk of being struck by a foul ball was one of these hazards, and the risk of being hit by a thrown ball while the players were indulging in preliminary practice was also one of the hazards incident of the game.
It is my opinion that judgment should be directed for the defendant dismissing the complaint.