**WILLIAMS et al. v. HOUSTON BASEBALL ASS'N.**

No. 11,258.

Court of Civil Appeals of Texas. Galveston.

Oct. 9, 1941.

W. O. Huggins, Jr., and Jack Binion, both of Houston (Kayser, Liddell, Benbow & Austin and Butler & Binion, all of Houston, of counsel), for appellants.

Baker, Botts, Andrews & Wharton and Albert P. Jones, all of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellants, Mrs. Edith Williams and her husband, to recover damages for personal injuries sustained by Mrs. Williams when she was struck by a foul ball while attending a baseball game in a ball park in Houston, Texas, owned, operated and maintained by appellee, Houston Baseball Association, in company with friends who had purchased tickets for the game for the box seats occupied by them located on the righthand side of and outside of the screened portion of the stands.

The record shows that Mrs. Williams had attended baseball games prior to the time she was injured; that appellee maintained a screen or netting which extended in front of the stands approximately half way of the distance from the home plate to first base; that she was familiar with the fact that part of the seats in the stands had a screened protection and that part of them did not, and that seats behind the screen were available to her on the evening in question. She was aware of the fact that foul balls from time to time passed into the unscreened portion of the stands. There was no testimony that the stands in question were constructed or screened in an improper or unusual manner.

Appellant contended that appellee was negligent in (a) failing to erect and maintain a screen over those seats occupied by her, and (b) in failing to warn her of the danger of occupying them at the time she was struck. Appellee answered by a general denial and pleas of contributory negligence and assumed risk.

At the conclusion of appellant's testimony, the jury, under instruction from the court, returned a verdict in favor of appellee.

It is now, we think, the settled law of this state, under the rule laid down in the recent case of Keys v. Alamo City Baseball Co., 150 S.W.2d 368, 370, by the San Antonio Court of Civil Appeals, that operators of baseball parks are not insurers of the safety of their invited patrons, and that they are required to exercise only that kind and degree of care commensurate with the character of the amusement offered and the nature of the accommodation usually required for the comfort and convenience of their patrons. Quoting with approval from the opinion

in the case of Ratcliff v. San Diego Base Ball Club, 27 Cal.App.2d 733, 81 P.2d 625, the court in its opinion in the Keys case says:

" 'It has been generally held that one of the natural risks assumed by spectators attending professional games is that of being struck by batted or thrown balls; that the management is not required, nor does it undertake to insure patrons against injury from such source. All that is required is the exercise of ordinary care to protect patrons against such injuries (Edling v. Kansas City Baseball, etc., Co., 181 Mo. App. 327, 168 S.W. 908), and, in doing so, the management is not obliged to screen all seats, because, as pointed out by the decisions, many patrons prefer to sit where their view is not obscured by a screen. Moreover, the management is not required to provide screened seats for all who may apply for them. The duty imposed by law is performed when screened seats are provided for as many as may be reasonably expected to call for them on any ordinary occasion (Wells v. Minneapolis Baseball, etc., Ass'n, 122 Minn. 327, 142 N.W. 706, 46 L.R.A.,N.S., 606, Ann.Cas.1914D, 922; Brisson v. Minneapolis Baseball, etc., Ass'n, 185 Minn. 507, 240 N.W. 903; And if as in the cases of Wells v. Minneapolis Baseball, etc., Ass'n, supra, and Kavafian v. Seattle Baseball Club Ass'n, 105 Wash. 215, 177 P. 776, 181 P. 679, a spectator chooses to occupy an unscreened seat, or, as in the Brisson case, supra, is unable to secure a screened seat and consequently occupies one that is not protected, he assumes the risk of being struck by thrown or batted balls; and, if injured thereby, is precluded from recovering damages therefor.' Ratcliff v. San Diego Baseball Club, supra."

As stated, the record shows that appellant had attended baseball games prior to the time she was injured and was familiar with the fact that a part of the seats in the stands in question were screened and a part of them were not. She knew that at times foul balls passed into the unprotected portion of the stands and that she might be struck by them while occupying the unprotected seats, and she must have known, without being warned by the management, that a flying baseball is capable of inflicting serious injury, and that seats could have been purchased behind the screened portion of the stands where she would have been safe from the danger of being struck and injured by a hit ball if she had desired to avail herself of their protection.

Under the above authorities the judgment of the trial court must be in all things affirmed. It is so ordered.

Affirmed.