### McNIEL
#### v.
### FORT WORTH BASEBALL CLUB.
#### No. 15505.

Court of Civil Appeals of Texas.

Fort Worth.

April 30, 1954.

Rehearing Denied May 28, 1954.

Joe Burt, Fort Worth, for appellant.

Stone, Agerton, Parker & Kerr and G. W. Parker, Jr., Fort Worth, for appellee.

RENFRO, Justice.

Suit was brought by John B. McNiel against the Fort Worth Baseball Club of the Texas League for personal injuries. From a summary judgment in favor of the Baseball Club, McNiel has appealed.

In his petition appellant alleged that he purchased a ticket in the reserve section behind first base in LaGrave Field on the occasion in question; the section was unscreened, a fact which he knew; he had requested a seat in that particular section because he preferred it to any other; he was familiar with the game of baseball, having played it in his younger life and having been a spectator at many baseball games since his playing days; on the occasion in question he was seated in the place above indicated when he was "struck by a vagrant baseball which had been deflected from the bat of a player standing in the batters box and trying to hit baseballs that were being thrown at and to him by a teammate * * *." In other words, he was hit by a foul ball during batting practice.

Allegations in the petition alleged it was the general custom to place a screen or open wire cage to the rear of the batter during batting practice; that in the normal course the cage would stop foul balls and in the normal course the cage was left behind all batters during batting practice, and spectators were free to visit and purchase from vendors without being on the lookout for foul balls, and further that on the occasion in question immediately before he was struck, employees of the Ball

Club, in the course of their employment, removed the batting cage; after the cage was removed batting practice continued and a foul ball hit him in the left eye. He alleged that the employees were negligent in removing said cage before batting practice ceased and he was entitled to rely on the general practice of appellee in leaving the cage in place during the entire period of batting practice.

The appellee filed an answer in which it alleged that appellant purchased a seat in a section of the ball park that was unprotected by a screen wire, that if the batting screen was removed prior to the accident appellant saw same removed and remained in his seat and saw that batting practice was continuing; that in view of the foregoing appellant assumed the risk of any injury from being hit by a foul ball, and, in the alternative, he was guilty of contributory negligence in remaining in the unprotected portion of the stand after he had observed that batting practice continued after the removal of the cage.

After taking appellant's deposition the appellee moved for summary judgment, based on appellant's pleadings and the deposition. Upon due hearing the court rendered a short form judgment for appellee for the reason "there is no genuine issue of any material fact * * *."

There was no evidence introduced on the hearing on the motion for summary judgment, other than the pleadings and appellant's deposition.

According to the deposition he was a man forty-eight years of age. In his younger days he played baseball and has since been a regular patron of games. He has attended most of the Fort Worth Texas League home games. When he arrived at the ball park on the night of the accident, batting practice was in progress at home plate. He usually sat in the same section where he was sitting the night of the accident. Batting practice on this occasion was to the outfield from home plate. After he had watched a few minutes he saw a small tractor move the batting cage

out of the park. For ten minutes thereafter batting practice continued and he continued to watch said practice. He knew the ball which hit him came from home plate because he saw the ball batted.

It is the general rule in Texas and other states that a baseball club which is in the business of providing that form of public entertainment for profit and invites the general public to attend its games is not an insurer of the safety of the spectators of the game but is bound only to exercise reasonable care, by which is meant a degree of care commensurate with the circumstances to protect its patrons against injury. So far as regards the danger to a spectator of being struck and injured by a ball batted into the stands, a circumstance which is commonly incident to the inherent nature of the game, the club is held to have discharged its full duty when it has provided adequately screened seats in stands in which the patron may sit if he so desires; and where the patron, with a choice to be made of a seat behind the screen or in the unprotected portion of the stands, voluntarily and with full knowledge of the risks and dangers to be encountered, chooses the latter and while occupying such a seat is struck by a ball and injured, he will be held to have assumed the risk of a necessary and ordinary incident of the game or else to have been guilty of contributory negligence in having chosen an unprotected seat when a protected one was available. Keys v. Alamo City Baseball Co., Tex.Civ.App., 150 S.W.2d 368; Williams v. Houston Baseball Association, Tex.Civ.App., 154 S.W.2d 874; 52 Am.Jur., p. 308, sec. 65; 62 C.J., p. 876, sec. 72, p. 877, sec. 75; Brisson v. Minneapolis Baseball & Athletic Association, 185 Minn. 507, 240 N.W. 903; Kavafian v. Seattle Baseball Club Association, 105 Wash. 215, 177 P. 776, 181 P. 679; Crane v. Kansas City Baseball & Exhibition Co., 168 Mo.App. 301, 153 S.W. 1076.

Although he did not plead extra hazard, appellant contends in his brief that the removal of the cage during batting practice was an extra hazard raising a jury issue.

[3]   Preliminary practice and "warming up" sessions between players on the ground adjacent to seats and grandstands before or during actual play are governed by the general rules pertaining to occurrences during the actual game.   Blackhall v. Albany Baseball & Amusement Co., Inc., 157 Misc. 801, 285 N.Y.S. 695; Brummerhoff v. St. Louis National Baseball Club, Mo.App. 149 S.W.2d 382; Lorino v. New Orleans Baseball & Amusement Co., Inc., 16 La.App. 95, 133 So. 408; Zeitz v. Cooperstown Baseball Centennial, Inc., Sup., 29 N.Y.S.2d 56.

 In the instant case the appellant, long familiar with baseball as a player and patron, saw the batting cage removed.   Assuming, as he plead, that the cage was for the purpose of preventing foul balls from injuring spectators, the appellant, by his own admission, knew for at least ten minutes before the accident that said cage had been removed from the park.   He knew for fully ten minutes that said "protection" was no longer available.   He knew from experience that danger in the unscreened portion of the stand was just as great during the batting practice as while the game was in progress, yet he elected to continue to sit in his preferred section, unprotected by a screen, rather than move to a protected seat.   The danger of foul balls was just as obvious to him during practice session as it would have been had the regular game been in progress.   He could so conduct himself as to be on the side of safety in either case.   In either instance, practice or regular game, he could foresee the possibility of foul balls being batted into the stands.

The appellant, having chosen to sit in an unscreened section because he preferred to sit there and knowing that balls are often hit foul and knowing that there was no protection between him and the batter, owed the duty to himself to move to a protected section during the remaining period of the batting practice session, or, choosing to remain in his seat, be prepared to catch or duck any foul balls coming his way.   He did none of these things.

We are forced to conclude that the appellant assumed the risk incident to batting practice and, as a matter of law, based on his own pleadings and testimony, has not shown any liability on the part of appellee.

There being no issue of fact to be decided by the court or jury, the court was correct in rendering summary judgment that appellant take nothing.

The judgment of the trial court is affirmed.