BASIL BAKER, Appellant, *v.* DANIEL R. TOPPING et al., Individually and as Copartners Doing Business as NEW YORK YANKEES, Respondents.

BASIL BAKER, Appellant, *v.* ALLIED MAINTENANCE CORPORATION, Respondent.

Third Department, December 20, 1961.

*William L. Ford, William W. Bullis, Walter A. Fullerton* and *Richard F. Mullaney* for appellant.

*Miller & Ringwood (Charles S. Ringwood* and *John C. Mannix* of counsel), for respondents.

GIBSON, J. Plaintiff was injured when struck by a ball hit by one of the players in a baseball game between the New York Yankees and the Baltimore Orioles at Yankee Stadium in the City of New York. His actions are in negligence, one against the owners and operators of the Yankees' baseball club and of Yankee Stadium and the other against the corporation supplying ushers to the stadium. The complaints in both actions have been dismissed on defendants' motion for summary judgment and plaintiff appeals. We find that Special Term's order was properly grounded upon the doctrine of assumption of risk and must be affirmed.

From the complaints and from plaintiff's deposition upon pretrial examination it appeared that plaintiff, an adult who had been at Yankee Stadium "approximately" six times before, was struck as he was being conducted by an usher through an aisle leading to his reserved seat in an unscreened section on the first base line. When purchasing his ticket, he had asked merely for a good seat, not specifying or requesting one behind the screen.

The spectator at a game, no less than the participant, " accepts the dangers that inhere in it so far as they are obvious and necessary, just as a fencer accepts the risk of a thrust by his antagonist or a spectator at a ball game the chance of contact with the ball. * * * The timorous may stay at home." (*Murphy* v. *Steeplechase Amusement Co.,* 250 N. Y. 479, 482–483, per CARDOZO, Ch. J.) This court, in affirming the dismissal of the complaint at the close of plaintiff's case, in an action to recover for personal injuries sustained by a spectator at a hockey game, held that plaintiff assumed the risk, " incidental to the entertainment ", of being hit by a puck and also observed, " The rule is equally well settled that a spectator at a baseball game assumes the risk of being struck by a foul or wild-thrown ball when sitting elsewhere than behind the screen back of home plate." (*Ingersoll* v. *Onondaga Hockey Club,* 245 App. Div. 137,

139, 138.) The rule was applied in a well-considered opinion in the County Court of Albany County in a case very similar to this, in which a spectator was struck by a batted baseball, during the pregame batting practice, as he was walking in the aisle and approaching his seat in the unscreened section of the stands. (*Blackhall* v. *Albany Baseball & Amusement Co.,* 157 Misc. 801, affg. 154 Misc. 640.) The same principle barred recovery in an action tried in Supreme Court in Westchester County in which the plaintiff was struck by a wild pitched ball while in the very act of moving from her seat in the open stand to a place of greater safety. (*Zeitz* v. *Cooperstown Baseball Centennial,* 31 Misc 2d 142.) The principle is recognized and enforced in other jurisdictions. (See, e.g., *Quinn* v. *Recreation Park Assn.,* 3 Cal. 2d 725; *Shaw* v. *Boston Amer. League Baseball Co.,* 325 Mass. 419; *Brisson* v. *Minneapolis Baseball & Athletic Assn.,* 185 Minn. 507; *Crane* v. *Kansas City Baseball Co.,* 168 Mo. App. 301; *Hunt* v. *Portland Baseball Club,* 207 Ore. 337; and see 2 Harper and James, Law of Torts, § 21.2, pp. 1169, 1170 [n. 12], § 21.5, pp. 1183–1184; Prosser, Torts [2d ed.], § 55, pp. 303–304, 307–308; Comment, "The Promoters' Liability for Sports Spectator Injuries", 46 Cornell L. Q. 140; Comment, "The Liability of the Proprietor of a Baseball Park for Injuries to Spectators Struck by Batted or Thrown Balls" [1951], Wash. U. L. Q. 434.) By the great weight of authority, the rule is not to be relaxed, absent any extraordinary circumstance, if the injury occur while the patron is in the aisle and moving to or from his seat (*Zeitz* v. *Cooperstown Baseball Centennial, supra; Blackhall* v. *Albany Baseball & Amusement Co., supra; Hunt* v. *Portland Baseball Club, supra*); or when the passageway or the seating space itself is crowded (*Shaw* v. *Boston Amer. League Baseball Co., supra; Hunt, supra*); or while pregame practice is in progress (*Zeitz, supra; Blackhall, supra; Brummerhoff* v. *St. Louis Nat. Baseball Club,* 149 S. W. 2d 382 [Mo. App. 1941]).

Whether or not the basis predicative of an assumption of risk, in a factual situation such as that before us, can more accurately be said to establish the absence of any duty on the part of the defendant which might give rise to negligence — so that the term "assumption of risk" may have become "simply a left-handed way of describing a lack of duty" (2 Harper and James, *op. cit.,* pp. 1162, 1190–1192; Wash. U. L. Q. [1951], *op. cit.,* pp. 459–460) — seems not greatly material, as respects this case at least. The lack of duty concept would, however, render unnecessary the pleading of assumption of risk as an affirmative defense, assuming such plea otherwise necessary (cf. Prosser,

*op. cit.,* p. 303, and, semble contra, 2 Harper and James, *op. cit.,* p. 1190); but defendants' failure so to plead is not before us in any event, since no question with regard to it was raised in the court below or, in fact, upon this appeal. (*Verduce* v. *Board of Higher Educ.,* 9 A D 2d 214, 216 [footnote], revd. on other grounds 8 N Y 2d 928; 9 Carmody-Wait, New York Practice, §§ 335, 336, pp. 26–28 [and n. 15 citing *McClelland* v. *Mutual Life Ins. Co.,* 217 N. Y. 336]; § 341, pp. 38–39.)

Plaintiff seems not to question the doctrine of assumption of risk generally but to argue against its application here on the theory that "plaintiff was not in his seat, but on his way under the guidance, direction and custody of the usher" and that "it was the negligence of the usher in conducting him to his seat which caused the accident", the negligence, according to plaintiff's contention, consisting in the usher's conducting him to his seat "at a time and place when it was dangerous to do so" and without warning him of "the area of danger from batted balls". Thus, while first conceding the general principle that a spectator assumes the risk of the known and usual dangers inherent in the game, plaintiff then, by asserting defendants' duty to warn him of a particular and, indeed, the best known danger, disputes, or at least overlooks, the very basis of the rule. The recognition of plaintiff's theory would seem to necessitate the obviously impractical, if not impossible requirement that there be no movement within the stands and upon the field at the same time. If plaintiff is chargeable with knowledge of the risk of injury from a batted ball while he is in his unprotected seat, there would seem no logical basis for considering that he may reasonably be less aware of the same danger in the aisle by which he approaches his seat. Upon similar facts, relief was denied as a matter of law in *Zeitz* (*supra*), *Blackhall* (*supra*) and *Hunt* (*supra*), and in the California case which we have cited the plaintiff was held to have assumed the risk of injury when, although requesting a seat behind the screen, she acceded to the usher's suggestion that she sit temporarily in an unprotected place (*Quinn* v. *Recreation Park Assn.,* 3 Cal. 2d 725, *supra*). Plaintiff relies largely on *Olds* v. *St. Louis Nat. Baseball Club* (232 Mo. App. 897; second appeal 119 S. W. 2d 1000 [not officially reported]) which is distinguishable to some extent as involving an unprotected exit nearest the *screened* area in which plaintiff had purchased a ticket and in which she had been sitting; but the case is, in any event, contrary to the great weight of authority and we find it unpersuasive.

Appellant's additional contentions do not seem to us well grounded and do not require discussion.

The order and judgment should be affirmed, with $10 costs.

BERGAN, P. J., COON, HERLIHY and REYNOLDS, JJ., concur.

Order and judgment affirmed, with $10 costs.