■ JOHN ROBERT, Individually and as Guardian ad Litem of VERONICA A. ROBERT, an Infant, Respondent, v. DEPOSIT CENTRAL SCHOOL DISTRICT NO. 1, TOWN OF SANFORD, BROOME COUNTY, AND TOWN OF DEPOSIT, TOMPKINS AND MASONVILLE, DELAWARE COUNTY, Appellant.— Order reversed and motion for summary judgment dismissing the complaint granted, without costs, on the ground that plaintiff, a spectator at a baseball game, assumed the risk of being struck and injured by a thrown ball. (*Baker* v. *Topping*, 15 A D 2d 193, motion for leave to appeal denied 11 N Y 2d 644; *Lutzker* v. *Board of Educ. of City of N. Y.*, 262 App. Div. 881, affd. 287 N. Y. 822; *Bennett* v. *Board of Educ. of City of N. Y.*, 16 A D 2d 651; *Zeitz* v. *Cooperstown Baseball Centennial*, 31 Misc 2d 142.) Bergan, P. J., Gibson, Herlihy and Reynolds, JJ., concur.

■ JOSEPH HOROWITZ et al., Respondents, v. VILLAGE OF MONTICELLO, Appellant.— Appeal from an order of the County Court of Sullivan County which granted respondents' application to file a late notice of claim for property damage sustained when the cellar of their house was flooded as a result of the alleged negligence of the appellant village in repairing a water main. The bare allegations that, for some part of the 90-day period within which the claim should have been filed, respondent wife was first hospitalized and then partially confined to her home by reason of some undisclosed condition afford no basis for the relief to be accorded a claimant who " is mentally or physically incapacitated, and by reason of such disability fails to serve a notice of claim within the time specified " (General Municipal Law, § 50-e, subd. 5; *Matter of Liegl* v. *City of Buffalo*, 12 A D 2d 889) ; and further, of course, lend no support to the respondent husband's application. Special Term did not pass upon the alternative application, which was to permit amendment of a letter of March 15, 1962 so as to conform it to the provisions of section 50-e. The existence of the letter is not denied but it was not printed with the other papers on appeal and is not before us. It may be that upon a new application claimants can produce proof of incapacitation and disability within the meaning of subdivision 5 of section 50-e and proof in support of an alternative application to amend, if they be so advised. As to the latter application it would have to be shown, of course, that the letter may reasonably be construed as a notice of claim under section 50-e, that, in accordance with subdivision 3 of that section, it was properly served upon the person to whom a summons may be delivered (cf. Civ. Prac. Act, § 228, subd. 5) or that it was actually received by such authorized person and that the village caused the claimants to be examined in regard to the claim; and, in accordance with subdivision 6, good faith and absence of prejudice would have to be shown. Order reversed, without costs, and application denied, without prejudice to its renewal upon proper papers. Gibson, J. P., Herlihy, Reynolds and Taylor, JJ., concur.