■ JOSEPH C. VALDER, as Administrator of the Estate of SANDRA VALDER, Deceased, et al., Appellants, v WILLIAM G. WESTON et al., Respondents.—In a negligence action to recover damages for wrongful death, etc., plaintiff appeals from a judgment of the Supreme Court, Suffolk County, entered September 2, 1975, which, after a jury trial, is in favor of defendants and against him. Judgment reversed, on the law and the facts, and new trial granted, with costs to abide the event. The Justice presiding at Trial Term charged the jury with regard to the law pertaining to assumption of risk. At the conclusion of the charge, the court presented certain specific questions to the jury for its deliberation. The questions and the jury's answers thereto are as follows: "Question 1. Was the decedent Sandra the operator of the motor vehicle at the time of the accident? Answer, no.

Question number 2. If the answer to question number one is in the negative: A. Was the decedent contributorily negligent as the court has defined that term? Answer, no. B. Did the decedent assume the risk as the Court has defined the term? Answer, yes. 3. If the answer to questions 1, 2-A and 2-B are in the negative, was defendant William G. Weston negligent in the manner in which he operated the motor vehicle at the time of the accident? Answer, no. 4. If the answer to questions 1, 2-A and 2-B are in the negative and the answer to question 3 is in the affirmative, to what sum of money is plaintiff entitled to compensate him for the death of decedent? Answer, none." In the first instance, the court erred in charging the jury as to the doctrine of assumption of risk. That doctrine, where appropriate, must specifically be alleged as an affirmative defense (CPLR 3018). In the instant case assumption of risk was not pleaded; furthermore, the record is barren of any proof which would justify presenting that issue to the jury. At the conclusion of the charge, plaintiff's counsel excepted to that portion which addressed itself to the assumption of risk doctrine, and requested the elimination of the specific question pertaining to assumption of risk. That request was denied. The confusion in the charge to the jury was worsened when the court repeatedly and wrongfully treated "contributory negligence" and "assumption of risk" as, in substance, equal and/or alternative doctrines. We further note that the specific questions were confusing, particularly in the order in which they were presented. Lastly, we hold that the jury's verdict that the defendant driver was not negligent could not have been reached upon any fair interpretation of the evidence (see *Olsen v Chase Manhattan Bank,* 10 AD2d 539, affd 9 NY2d 829). Under these circumstances, a new trial is required. Cohalan, J. P., Hawkins, Mollen and O'Connor, JJ., concur.