Janice Graham JOHNSON, Appellant,

v.

HOUSTON SPORTS ASSOCIATION
et al., Appellees.

No. 17620.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Dec. 18, 1980.

Rehearing Denied Jan. 29, 1981.

W. Jiles Roberts, Houston, for appellant.

Fulbright & Jaworski, Daniel K. Hedges, Thurlow & Hennessy, Nicholas E. Zito, Houston, for appellees.

DOYLE, Justice.

This is a suit for damages for personal injuries sustained by Janice Graham Johnson, who was struck in the face by a baseball during pre-game batting practice by the Philadelphia Phillies at the Astrodome in 1974. The trial court rendered a take-nothing judgment for appellant based upon a jury verdict finding no negligence on the part of appellees. We affirm.

The Houston Astros and the Phillies were scheduled to play a ball game. Appellant admits that at the time she was injured she was not sitting behind the specially screened seats offered to protect spectators from injuries. She was sitting in an open area in the center field section in line with second base.

Appellant sued the Houston Sports Association (HSA) owners of the Houston Astros; the Astrodome-Astrohall Stadium Corporation (A–ASC); and the Philadelphia National Baseball League, Inc. (Phillies). All three defendants are appellees for the purpose of this appeal. Appellant essentially alleged the appellees failed to adequately warn her of the hazards incident to baseball; failed to maintain the stadium lighting without glare or similar conditions that could and/or did blind plaintiff from following the flight of the baseball; and they failed to provide a protective screen for all seats in the stadium. A unanimous jury answered these issues exonerating appellees from any negligence in these three areas, warnings, lighting and screens.

On this appeal she asserts three points of error. HSA, A–ASC and the Phillies each allege three cross-points of error. In her first point of error appellant contends that the court erred in instructing the jury on unavoidable accident. In the charge to the jury the court gave the following instruction:

An occurrence may be an unavoidable accident, that is, an event not proximately caused by the negligence of any party to it.

Appellant argues that there was no evidence or insufficient evidence to permit an instruction on unavoidable accident. She cites the Texas Supreme Court case of *Yarborough v. Berner*, 467 S.W.2d 188 (Tex. 1971), saying that Texas law holds that unavoidable accident could not be raised by evidence that suggests no cause for the accident other than actions of the parties to the event. She then argues that HSA and A–ASC stipulated that their actions were to be considered one and the same for purposes of issue submission to the jury. Therefore, she continues, the only parties to this event are HSA and the Phillies. Appellant further explains that since the game was in the Astrodome and that since the ball came from the playing field it had to be set in motion by either the Astros or the Phillies, both of whom were parties to the event, so the theory of unavoidable accident is not to be applied in the case at bar because the defendants were involved in the event.

We believe that appellant has misinterpreted the *Yarborough* case. *Yarborough* did not discuss the simple conduct of the parties to the event, but the negligent conduct of the parties.

Negligence is the failure to exercise ordinary care or the degree of care that

the law requires. 40 Tex.Jur.2d Negligence § 1 (Rev. ed. 1976) p. 118. In order to review the sufficiency of the evidence, this court must review the evidence on negligent conduct and not merely the conduct of the parties involved. Appellant agrees that to answer this point of error the evidence regarding negligence on the part of the appellees must be viewed in the light most favorable to the appellees. *Garcia v. Prescott*, 570 S.W.2d 562 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.); *Davis v. Thompson*, 581 S.W.2d 282 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.).

█ Reviewing the evidence in the light most favorable to the appellees shows there was evidence to raise the issue of unavoidable accident. By her admission, appellant stated she saw the screened area behind home plate; that the seats in this area were not filled; and that she made no attempt to sit in this protected area. Several witnesses testified that the screened-in seats at the Astrodome are visible from all over the field; that the screens are the same or similar to those used by stadia all over the country, and that this area in the Dome offers more protection than the same area in many other stadia.

The evidence in this case is more than ample to permit the instruction of unavoidable accident. Appellees followed the same or similar practices with regard to this game and the stadium as do baseball clubs and stadia around the country. Appellants' first point of error is overruled.

█ Appellant states in her second point of error that the court erred in refusing to submit Plaintiff's requested Special Issue No. 9–b, which reads as follows:

If you have answered Special Issue No. 8, subsection (a), and only in that event, then answer:

Special Issue No. 9–b

Do you find from a preponderance of the evidence that such ball was negligently knocked into the stands on the occasion in question?

In special issue 8 submitted by the court, the jury was asked whether the ball came from the batting coach, the batting cage, or neither; the jury found the ball came from a batting cage. Appellant argues that special issue 9–b, as requested, should have been submitted by the court because the non-submission of said issue deprived appellant of a finding on an ultimate issue of fact, to-wit: the reasonableness of the conduct of appellees and its relationship with the injury to appellant. Appellant's argument is without merit. There is no evidence that the batter who struck the ball that hit Miss Graham committed any negligent act in striking the ball, or that the batter conducted himself in this situation differently from the practices of other baseball players on the various clubs. *Knebel v. Jones*, 266 S.W.2d 470 (Tex.Civ.App.—Austin 1954, writ ref'd. n.r.e.); *McNiel v. Fort Worth Baseball Club*, 268 S.W.2d 244 (Tex. Civ.App.—Fort Worth 1954, writ ref'd.); *Williams v. Houston Baseball Ass'n.*, 154 S.W.2d 874 (Tex.Civ.App.—Galveston 1941, no writ); *Keys v. Alamo City Baseball Co.*, 150 S.W.2d 368 (Tex.Civ.App.—San Antonio 1941, no writ).

Further, it was not error for the court to refuse appellant's issues because such issues did not comply with Rule 279, T.R.C.P. which provides:

"Failure to submit an Issue shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment."

Appellant submitted four issues which were refused by the court. Issues 9–b and 9–c consisted of typed issues which were crossed out in certain places and handwritten words were inserted. Each of these issues seems to be asking two questions with two question marks inserted in each issue. Further, the fourth issue of appellant's group, no. 10, requested a proximate cause finding whether the jury ever found appellees were negligent or not.

█ The court is not required to decipher appellant's issues. When several is-

sues are submitted, the court is not required to search the issues for the correct ones and submit those and refuse the improper ones. *Edwards v. Gifford*, 137 Tex. 559, 155 S.W.2d 786 (1941). When one or more issues submitted en masse are improper, the court is justified in refusing to submit all the tendered issues. *Perez v. Williams*, 549 S.W.2d 449 (Tex.Civ.App.—Corpus Christi 1977, no writ); *Dewey v. American National Bank*, 382 S.W.2d 524 (Tex.Civ.App.—Amarillo 1964, writ ref'd. n.r.e.). Where, as here, appellant failed to predicate issue no. 10 on a finding of negligence, the court can refuse to submit such issue, because it is incomplete and does not comply with the Texas Rules of Civil Procedure. *Velasquez v. Levingston*, 598 S.W.2d 346 (Tex.Civ.App.—Corpus Christi 1980, no writ); *Garcia v. Caletka*, 486 S.W.2d 880 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd. n.r.e.). Appellant's point of error is overruled.

By her third point of error, appellant argues that the trial court erred in sustaining appellee HSA's objections to certain interrogatories.

Appellant requested, prior to trial, that appellee HSA answer the following interrogatory:

"16. If your answer to the preceding interrogatory is in the affirmative, then please list the names and last known address of each and every person who was injured, or who had claimed to have sustained injury at the Astrodome by being struck by a baseball, of which the Houston Sports Association has knowledge."

At a subsequent date, also prior to trial, this amended interrogatory was tendered to HSA:

"Having answered Interrogatory No. 15 reading as follows: 'Has any other person other than Janice Johnson sustained injury or claimed to have sustained injury by being struck by a baseball at the Astrodome', in the affirmative, please answer the following:

1. State the name, last known address and telephone number of each person who sustained injury or claimed to have sustained injury by being struck by a batted or thrown baseball while occupying or claiming to occupy a position provided for persons to occupy, while attending baseball pre-game or baseball game activities at the Astrodome prior to August 25, 1974.

a. In answering the foregoing interrogatory state the respective dates and the nature of the injury occurring or which was claimed to have occurred to the extent that Houston Sports Association has knowledge of same and whether or not a fatality resulted or was claimed to have resulted from such injury."

HSA objected to these interrogatories on the ground that they were overly broad and that appellant failed to show that information sought was relevant to the case at bar. The court sustained HSA's objections to the interrogatories but did give appellant a chance to amend them, which appellant failed to do. Rulings on objections to interrogatories are within the discretion of the trial court, and will not be reversed on appeal absent a showing of abuse of discretion. *Rankin v. Kellam*, 388 S.W.2d 306 (Tex.Civ.App.—Austin 1965, writ ref'd. n.r.e.). This point of error is overruled.

Appellees have urged several cross-points of error. In view of our disposition of this case it is not necessary for us to rule upon such cross-points.

The judgment of the trial court is affirmed.

PEDEN and WALLACE, JJ., also sitting.