■ THEODORE MOSSIDUS et al., Appellants, v VINCENT HARTLEY et al., Respondents. — Appeal from an amended judgment of the Supreme Court in favor of defendants, entered March 19, 1984 in Albany County, upon a verdict rendered at Trial Term (Hughes, J.).

Plaintiff Theodore Mossidus commenced this action to recover damages for personal injuries sustained while voluntarily assisting defendant Vincent Hartley in the construction of a patio roof on defendant's home.[*] The injuries occurred when plaintiff fell from a support board resting on the roof rafters to a concrete floor approximately nine feet below. The record shows that plaintiff utilized the support board as a seat straddling the rafters while nailing plywood to the rafters. Essentially, plaintiff contends that defendant failed to nail the upper portion of the support board in place and improperly indicated that the board was secure. As a result, when plaintiff sat on the board, it gave way and he fell. Defendant's proof indicated that plaintiff was working alone on the roof when he fell and that the use of a support board was plaintiff's idea. On this appeal from a verdict of no cause for action, plaintiff urges that the trial court erred in refusing his request to charge foreseeability and premises liability (see 1 NY PJI 2:12 [2d ed], pp 131-137) and in improperly charging the doctrine of assumption of risk. We disagree and affirm.

As a basic premise, a landowner's liability is governed by a standard of "reasonable care under the circumstances" to prevent injury to persons on his property (*Basso v Miller,* 40 NY2d 233, 246), which is precisely what the trial court charged here. Plaintiff's additional request to charge premises liability was based on a contention that use of a support board on a slanted, incomplete roof presented a foreseeability of danger and a corresponding duty on defendant's part to prevent injury. As the trial court astutely recognized, however, a jury charge relating to premises liability necessitates the existence of a dangerous condition (see *Scurti v City of New York,* 40 NY2d 433, 440-441), not here present. There is neither expert testimony nor other evidence in the record to establish that the use of a board to sit

* The wives of both parties have also been named as parties.

on while constructing the unfinished roof constituted a dangerous or hazardous condition. Although plaintiffs in their brief indicate that the configuration of the support board was improper, there is nothing in the record to substantiate that contention or to demonstrate that the board was in any way structurally defective. It follows that the trial court's utilization of the common-law negligence charge was proper (see 1 NY PJI 2:10 [2d ed], pp 126-127).

Plaintiff further contends that the trial court effectively charged assumption of risk as a threshold defense instead of as an affirmative defense in diminution of damages. A review of the pleadings shows that defendant did not plead assumption of risk as an affirmative defense (CPLR 1412, 3018, subd [b]). Accordingly, the trial court correctly refused defendant's request to specifically charge assumption of risk by plaintiff in mitigation or reduction of damages. The trial court did, however, instruct the jury in relevant part as follows: "In agreeing to assist Mr. Hartley in putting on the roof, Mr. Mossidus voluntarily exposed himself to and assumed the risk of those risks which were inherent in the performance of that activity, insofar as they were obvious and necessary, but only that. If Mr. Hartley did something to increase those risks, then Mr. Hartley would be responsible."

We recognize that the language utilized here with respect to the court's common-law negligence charge overlaps the standard assumption of risk charge, which should ordinarily be given only with respect to an affirmative defense (see CPLR 1411; 1 NY PJI 2:55 [2d ed], pp 193-196; see, also, *Valder v Weston,* 57 AD2d 862). Nevertheless, it is clear that the instruction given simply relates to the basic responsibilities assumed by plaintiff within the parameters of the specific activity involved. In essence, the instruction serves to limit the duty owed plaintiff by emphasizing his own responsibility to exercise reasonable care in his performance of the task at hand. We perceive no error in such an instruction (see *Akins v Glens Falls City School Dist.,* 75 AD2d 239, 243-245 [Casey, J., dissenting], revd 53 NY2d 325; see, also, *Herman v State of New York,* 94 AD2d 161, 164, app dsmd 62 NY2d 617). In any event, the jury responded to only the first of five specific questions presented to them, namely, that defendant was not negligent. Thus, the ensuing question as to plaintiff's culpable conduct was not addressed and any possible error resulting from the instruction given was rendered harmless.

Finally, a review of the entire charge confirms that the trial court did not, as plaintiff suggests, encourage a jury verdict in defendant's favor.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.