**Lizabeth L. DENT and David Rogerson Dent, Appellants,**

v.

**The TEXAS RANGERS, LTD., Appellee.**

**No. 2–88–100–CV.**

Court of Appeals of Texas,
Fort Worth.

Jan. 5, 1989.

Jenks Garrett, Fort Worth, for appellants.

Gould, Broude & Nelson and Susan J. Wilson, Fort Worth, for appellee.

Before JOE SPURLOCK, II, HILL and LATTIMORE, JJ.

OPINION

JOE SPURLOCK, II, Justice.

This is an appeal from the granting of a summary judgment in favor of appellee, The Texas Rangers, Ltd. Appellants sought to recover damages sustained by them as a result of Lizabeth Dent being struck by a foul ball while attending a baseball game at Ranger Stadium in Arlington, Texas, on August 10, 1984. Appellee moved for summary judgment on the basis of no duty to appellants beyond providing screened seats.

Appellants attack the summary judgment by two points of error. In their first point of error, they argue the trial court erred in finding appellee had no duty to appellants because screened seats had been provided for those desiring them. In their second point of error, appellants restate their first point, and claim that appellee had the additional duty to inform patrons that screened seats were available, or establish that appellants had knowledge of such availability.

Appellants' argument under their first point of error centers around the two cases of *McNiel v. Fort Worth Baseball Club,* 268 S.W.2d 244 (Tex.Civ.App.—Fort Worth 1954, no writ), and the more recent case of *Friedman v. Houston Sports Association,* 731 S.W.2d 572 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd). Appellants submit that *McNiel* is no longer the law in Texas, and that the *Friedman* case totally dis-

regards the present law of this state as pronounced in *Parker v. Highland Park, Inc.,* 565 S.W.2d 512 (Tex.1978).

*McNiel* involved a spectator struck by a foul ball during batting practice. The court, in affirming summary judgment for the defendant, stated:

> So far as regards the danger to a spectator of being struck and injured by a ball batted into the stands, a circumstance which is commonly incident to the inherent nature of the game, the club is held to have discharged its full duty when it has provided adequately screened seats in stands in which the patron may sit if he so desires.

*McNiel,* 268 S.W.2d at 246.

The *Friedman* case involved a young girl spectator who was also struck by a foul ball. In *Friedman,* judgment n.o.v. was entered after the jury found negligence on the part of the ballpark for failing to warn of the danger of being struck by a baseball. The Court of Appeals upheld the trial court in *Friedman* and restated the proposition that there is no duty to warn spectators of the open and obvious risk of injury from baseballs, and cited *McNiel. Friedman,* 731 S.W.2d at 573.

The *Friedman* court, after listing several Texas cases standing for that rule, then made the following statement:

> These cases do not eliminate the stadium owner's duty to exercise reasonable care under the circumstances to protect partons against injury. However, they define that duty so that once the stadium owner has provided "adequately screened seats" for *all* those desiring them, the stadium owner has fulfilled its duty of care as a matter of law.

*Id.* at 574 (emphasis in original).

Appellants cite *Parker,* which abolished the no-duty concept in Texas, and argue that *Friedman* cannot be controlling because it ignores *Parker.* We disagree. *Friedman* and *McNiel* both stand for the proposition that, indeed, a stadium owner *does* have a duty: to provide an adequate number of screened seats for those wishing to sit behind a screen.

■ Appellee had a duty to provide an adequate number of screened seats. Appellants fail to provide proof that contradicts appellee's summary judgment proof showing appellee satisfied its duty to provide screened seating to all spectators desiring them. As the uncontroverted evidence shows that appellee satisfied its duty in this regard, there was no issue of material fact for a jury to decide. The trial court below acted properly in granting appellee's motion for summary judgment. Appellants' first point of error is overruled.

■ Appellants, by their second point of error, invite us to impose an additional duty on the stadium owner of informing spectators of the availability of the screened seats. We decline to do so. The availability of screened seats is apparent and discernible to all who attend. Appellants further note that in the instant case there was no evidence which showed they were aware that a protected area was available. As we have held it was unnecessary for appellee to inform appellants of the existence of the screened seats, we logically conclude that it was not necessary that appellee establish by summary judgment proof that appellants had knowledge of the screened area as a prerequisite to appellee prevailing in its motion for summary judgment. Appellants' second point of error is overruled.

The judgment is affirmed.